NUMBER
13-01-678-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

GEORGE WARRINER,                                                  Appellant,

 

                                                   v.

 

TEXAS DEPARTMENT OF

CRIMINAL JUSTICE -

INSTITUTIONAL
DIVISION,                                                  Appellee.

 

        On appeal from the 343rd District Court
of Bee County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez            

                                                                                      

By five points
of error, George Warriner appeals from the trial court's judgment affirming an
administrative action against him by appellee, Texas Department of Criminal
JusticeBInstitutional
Division ("TDCJBID").  We affirm.








 

Background

It is
undisputed that a riot occurred at approximately 4:00 p.m. on December 20,
1999, in the administrative segregation area of the McConnell Unit of the
TDCJ-ID in Beeville.  On January 6, 2000,
appellant was found to have participated in the riot.  He was fined $534.97 for property damage
sustained in the riot, and a charge in that amount was
assessed against his inmate trust account. 
After he exhausted his administrative remedies through the TDCJ-ID
grievance system, appellant filed suit in the District Court of Bee County
against TDCJ-ID and its director, Gary Johnson. 
Johnson's plea to the jurisdiction was granted, and he was dismissed
from the case.  Following a pre-trial
hearing and review of the administrative record, the trial court signed a final
judgment on September 7, 2001, affirming appellant's disciplinary conviction
and fine.  This appeal ensued.

 

Applicable Law

A TDCJ-ID
inmate is liable for his intentional damage to state property.  Tex. Gov't Code Ann. ' 500.002(a)
(Vernon 1998).  If more than one inmate
is involved in the  property damage, each
inmate is jointly and severally liable for the damage.  Id.  The state's claims for property damages shall be adjudicated through an
administrative procedure.  Tex. Gov't Code Ann. ' 500.002(b) (Vernon
1998).  Damages may be assessed only
after a hearing and may not exceed the value of the property damaged.  Id. 
An inmate's trust account may be seized to satisfy the inmate's
liability for property damage.  Tex. Gov't Code Ann. ' 500.002(c) (Vernon
1998). 








After exhausting all
administrative remedies, an inmate may petition a district court for judicial
review of the adjudication of liability for property damage.  Tex.
Gov't Code Ann. ' 500.002(e)
(Vernon 1998).  Upon judicial review, the
district court shall follow the rules governing judicial review of contested
cases provided in chapter 2001 of the Texas Government Code.  Tex. Gov't Code Ann. ' 500.002(d)
(Vernon 1998);  See Tex. Gov't Code Ann. ' 2001.171
(Vernon 2000).

Standard
of Review

If the law authorizes review of a decision in a contested case
under the substantial evidence rule, or if the law does not define the scope of
judicial review, a court may not substitute its judgment for the judgment of
the state agency on the weight of the evidence on questions committed to agency
discretion but:

(1)
may affirm the agency decision in whole or in part;  and 

(2)
shall reverse and remand the case for further proceedings if substantial rights
of the appellant have been prejudiced because the administrative findings,
inferences, conclusions, or decisions are: 

(a)
in violation of a constitutional or statutory provision; (b) in excess of the agency's statutory authority; (c) made through unlawful
procedure; (d) affected by other error of law; (e) not reasonably supported by
substantial evidence considering the reliable and probative evidence in the
record as a whole; or (f) arbitrary or capricious or characterized by abuse of
discretion or clearly unwarranted exercise of discretion. 








Tex.
Gov't Code Ann. ' 2001.174
(Vernon 2000).  Section 500.002 does not
specify the scope of judicial review.  Tex. Gov't Code Ann. ' 500.002(a)
(Vernon 1998).  Therefore, the
"substantial evidence" standard specified in section 2001.174 applies
in this case.  Tex. Gov't Code Ann. ' 2001.174
(Vernon 2000);  Covarrubia v. Texas
Dep=t
of Criminal Justice B
Institutional Div., 52 S.W.3d 318, 321 (Tex.App.BCorpus
Christi 2001, no pet.). Substantial
evidence review is a limited standard of review, requiring "only more than
a mere scintilla" to support an agency's determination.  Montgomery Indep. Sch. Dist. v. Davis,
34 S.W.3d 559, 566 (Tex. 2000);  R.R. Comm'n v.
Torch Operating Co., 912 S.W.2d 790, 792-93 (Tex. 1995).  The determination of whether an agency's
determination meets that standard is a question of law.  Firemen's & Policemen's Civil Serv. Comm'n
v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984);
 Bd. of Firemen's Relief & Ret. Fund Trs.
v. Marks, 150 Tex. 433, 242 S.W.2d 181, 183 (Tex. 1951).  A court applying the
substantial evidence standard of review may not substitute its judgment for
that of the agency.  Tex. Gov't Code Ann. ' 2001.174 (Vernon 2000);  Tex.
Health Facilities Comm'n v. Charter Med.BDallas,
Inc., 665 S.W.2d 446, 452 (Tex. 1984).  The issue for the reviewing court is not
whether the agency's decision was correct, but only whether the record
demonstrates some reasonable basis for the agency's action.  City of El Paso v. Pub. Util. Comm'n, 883 S.W.2d 179, 185
(Tex. 1994).  In fact, an administrative
decision may be sustained even if the evidence preponderates against it.  Torch Operating, 912 S.W.2d at 793.

Application

A.  Sufficiency of the Evidence

By
his first point of error, appellant argues that the TDCJ-ID disciplinary action
assessing a property damage charge against his inmate trust account was made
without substantial supporting evidence. 
We must determine whether the record demonstrates some reasonable basis
for the TDCJ-ID decision.  See City of El Paso, 883 S.W.2d at 185. 








The sole evidence used at
the hearing and at the trial court to find appellant liable was the eye-witness
testimony of Sergeant Michael Esparza. 
The day of the riot, Esparza completed an AOffense Report,@ which included his
eye-witness description of Warriner's involvement in the property damage.  In the report, Esparza stated that Warriner
exited his cell and caused damage to cell doors and windows during the prison
riot.  The  "TDCJ-ID Hearing Worksheet," dated
January 7, 2000, shows that at the disciplinary hearing,  Esparza verified that he saw appellant
participate in the riot and destroy property. 
At the hearing, appellant testified that he did not exit his cell during
the riot because he was on crutches and could not walk.  To corroborate his contention, appellant  introduced the medical statement of Ms.
Wright, a medical records clerk, who stated that appellant was issued crutches
for a two-week period that ended on December 17, 1999, three days prior to the
riot.  Also, appellant presented a
statement signed by four inmate witnesses corroborating that he did not exit
his cell or participate in Awhat went on.@ 

Appellant argues that the
evidence presented in his defense far outweighed the evidence supporting his
guilt.  This argument fails because the
test is not whether one party presented more evidence than another, but whether
the agency based its decision Aon more than a mere scintilla@ and whether the record
demonstrates some reasonable basis for the TDCJ-ID decision.  See Montgomery Indep. Sch. Dist., 34
S.W.3d at 566;  City of El Paso, 883 S.W.2d at
185.  Also, an administrative
decision may be sustained even if the evidence preponderates against it.  Torch Operating, 912 S.W.2d at 793.  We hold this evidence to be more than a
scintilla and find that there is substantial evidence supporting the disciplinary
action.  See Covarrubias, 52 S.W.3d at 322-23 (eye-witness officer's testimony
constituted substantial evidence to support determination of liability). The
trial court properly upheld the agency=s
ruling.  Appellant's first point of error
is overruled.  








B.  Was the Hearing Captain=s
Decision Arbitrary and Capricious?

By
his third point of error, appellant complains TDCJ-ID acted maliciously against
him by allowing the allegedly false testimony of Esparza to be used against him
at the disciplinary hearing.  Appellant
complains that Esparza gave conflicting statements regarding who participated
in the riot.  Although the record shows
that Esparza completed an "Offense Report" the day of the riot,
explaining appellant=s
involvement in the riot, and verified the accuracy of this report during the
hearing, the record also shows on a 
"Service Investigation Work Sheet," dated January 1, 2000,
that via telephone, Esparza told appellant=s
counsel substitute, "I could not specifically say which inmate was in his
cell or out of his cell." 

The
hearing captain was free to assign weight to Esparza=s
testimony.  In doing so, the hearing
captain opted to give sufficient weight to his testimony so as to find
appellant guilty.  The trial court, upon
review of the agency=s
decision, was not free to substitute its judgment for the judgment of the state
agency on the weight of the evidence.  Tex. Gov't Code Ann. ' 2001.174
(Vernon 2000).  The trial court is given
greater authority to reverse and remand the case if substantial rights of the
appellant have been prejudiced because the administrative finding was:        (a) in violation of a constitutional or
statutory provision;   (b) in excess of
the agency's statutory authority;    (c)
made through unlawful procedure;      (d)
affected by other error of law; 

(e)
not reasonably supported by substantial evidence considering the

 reliable and probative evidence in the record
as a whole; or      (f) arbitrary or
capricious or characterized by abuse of discretion or clearly

 unwarranted exercise of discretion.








 

See
id.  We do not address
subsections (a) - (d) because appellant=s
challenge is based on subsections (e) and (f). 
We already determined that the administrative finding was supported by
substantial evidence.  Accordingly, we
address appellant=s
challenge in the context of subsection (f). 


Appellant
argues that because the agency=s
decision was based on the conflicting statements of the charging officer, the
decision was arbitrary and capricious, and therefore warrants a reversal and
remand.  The fact that Esparza made a
conflicting statement a few days prior to the hearing does not disprove the
fact that his initial statement the day of the riot and his testimony the day
of the hearing are substantial for a finding of guilt.  The agency was free to balance Esparza=s
testimony against his prior statements and collectively assign weight to his
testimony.   

 If there is evidence to support either an
affirmative or negative finding on a specific matter, the decision of the
agency must be upheld.  Gerst v.
Goldsbury, 434 S.W.2d 665, 667 (Tex. 1968);  see also Lewis v. Jacksonville Bldg. and Loan
Ass=n,
540 S.W.2d 307, 311 (Tex. 1976).  It is
undisputed that the agency based its decision on the eye-witness testimony of
the charging officer.  Appellant fails to
provide any evidence to show that the agency acted arbitrarily or
capriciously.  Accordingly, we find that
the trial court properly upheld the agency=s
decision and find no grounds for remanding or reversing the same.  Point of error three is overruled.

C.  Was Appellant Deprived of His Right to Due
Process?

 








By
his second point of error, appellant contends he was denied his due process
rights under the Fourteenth Amendment of the United States Constitution.  The gist of appellant=s
argument on this point is that he received ineffective assistance of
counsel.  In Wolff v. McDonnell,
the Supreme Court considered whether or not counsel must be provided in the
prison disciplinary hearing setting.  See
Wolff v. McDonnell, 418 U.S. 539, 569-70 (1974).  The Wolff court stated:

The
insertion of counsel into the disciplinary process would inevitably give the
proceedings a more adversary cast and tend to reduce their utility as a means
to further correctional goals.  There
would also be delay and very practical problems in providing counsel in
sufficient numbers at the time and place where hearings are to be held.  At this stage of the development of these
procedures we are not prepared to hold that inmates have a right to either
retained or appointed counsel in disciplinary proceedings.

 

Id.
at 570.

In
this case, appellant was represented by a counsel substitute.  Such a provision seems to exceed the minimum
requirements of due process afforded to prisoners.  It appears that ineffective assistance cannot
be the basis of a due process claim for someone in appellant=s
position.  However, if a prisoner has a
right to effective assistance from such a counsel substitute, we would look to
the well recognized two-prong rule set out in Strickland v. Washington,
466 U.S. 668 (1984) and Hernandez v. State, 726 S.W.2d 53 (Tex. Crim.
App. 1986).

In
its simplest terms, this rule requires that in order for alleged ineffective
assistance to require reversal, an appellant must show both (1) that counsel=s
performance fell below the standard of prevailing professional norms, and (2)
but for counsel=s
deficient performance, the result of the proceeding would have been
different.  McFarland v.State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996).








Appellant
argues that counsel substitute failed to present the AInvestigation
Worksheet,@
containing Esparza=s
statement which was in conflict with his statement in the offense report.  Second, appellant alleges that counsel
substitute refused to ask Esparza questions, as directed by appellant. 

According to the record, counsel substitute, R.
Simon, conducted an investigation, which included speaking to Esparza via
telephone on January 6, 2000.  The AService
Investigation Worksheet@
shows that Simon presented Esparza with a summary of the investigation,
including appellant=s
statement, and asked whether he wanted to make any additional statements not
included in the report.  The AService
Investigation Worksheet@
shows that Esparza stated, AI
could not specifically say which inmate was in his cell or out of his cell.@  Appellant argues that counsel substitute
failed to bring this statement to the attention of the hearing captain, thus
depriving appellant of critical evidence to discredit Esparza=s
testimony.  








Appellant also contends that before the hearing was
recorded, he directed counsel substitute to ask Esparza nineteen questions and
counsel substitute refused on the basis of irrelevancy, to ask questions eleven
and fifteen.  Question eleven asked, ADo
you have a video of me destroying a cell door or windows?@  Question two asked, ADid
anything in the pickett control have my fingerprint on it?@  The set of questions was submitted into
evidence.  Appellant alleges he attempted
to object to counsel substitute=s
refusal to ask the two questions but that counsel substitute said he could not
ask them.  Appellant argues the actions
of his counsel substitute demonstrate that counsel was representing the
interests of the agency rather than appellant=s.  He claims that this amounts to a violation of
his due process rights.

From the record in this case, we can not discern
whether the hearing captain was presented with the conflicting statement of
Esparza, whether appellant objected to his failure to do so, or objected to
counsel substitute having refused to ask the two questions. 

The court of criminal appeals recently referred to
the difficulty in substantiating a claim of ineffective assistance to be the
lack of an adequately developed record. 
The court said:

A
substantial risk of failure accompanies an appellant=s
claim of ineffective assistance on direct appeal.  Rarely will a reviewing court be provided the
opportunity to make its determination on direct appeal with a record capable of
providing a fair evaluation of the merits of the claim involving such a serious
allegation.  In the majority of
instances, the record on direct appeal is simply underdeveloped and cannot
adequately reflect the failings of trial counsel.

 

Thompson v. State, 9 S.W.3d 808, 812-13 (Tex.
Crim. App. 1999).  A claim of ineffective
assistance must be firmly rooted in the record. 
Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App.
1994).  The reason an adequate record is
so important in these cases is because, in the absence of a record, the court
will indulge strong presumptions that counsel=s
performance was a part of trial strategy, and typically will not second-guess a
matter of trial strategy.  See Young
v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999). 








Having carefully examined all the allegations of
ineffective assistance raised in appellant=s
brief, we cannot say that counsel substitute=s
performance fell below the standard and that the result would have been
different.  Moreover, it is not clear
whether a counsel substitute in a prison disciplinary hearing should even be
held to such standards. Hence, we overrule appellant=s
second point of error.

D.  Was
Appellant Deprived of Evidence Essential to Prove his Claim?

Appellant complains that an affidavit was ordered
to be made part of the record, but was not available to him until the day of
his trial.  The affidavit in question is
a statement by an assistant warden as to the custody and maintenance of inmate
files.  An examination of the record
reveals that this affidavit was made on June 8, 2000, but not filed until trial
dateBAugust
16, 2001.  Appellant argues that this
delay deprived him of much needed evidence to prove his claim.  However, appellant cites no authority in
support of this argument.  The Texas
Rules of Appellate Procedure require that the appellant=s
brief Acontain
a clear and concise argument for the contentions made, with appropriate
citations to authorities and the record.@  Tex.
R. App. P. 38.1(h).  In addition
to appellant=s
failure to provide precedential support for his argument, appellant does not
explain why or how this document was necessary to his case and why or how the
delay hurt his case.  For these reasons,
we hold appellant preserved nothing for review and overrule appellant=s
fourth point of error.

E. Did the Trial Court in Denying Appellant=s
Discovery Request?








Appellant complains that the court erred in not
granting discovery of a video.  Appellant
alleges that discovery of the video could prove appellant=s
innocence.  Again, appellant cites no
authority for the argument that the discovery was warranted or that the denial
was error,  as is required by the Texas
Rules of Appellate Procedure.  Tex. R. App. P. 38.1(h).  Furthermore, since the trial court is limited
to a review of the administrative record to determine whether substantial
evidence supports the agency decision, no discovery is necessary because the
administrative record is all the court is to review.  Tex.
Gov=t
Code Ann. ''
500.002(d), 20001.174 (Vernon 1998, 2000) (emphasis added).  As such, appellant=s
fifth point of error is overruled.

We have considered all of appellant=s
arguments, and they are all overruled. 
The trial court=s
judgment is affirmed.

 

                                                            
                                                                                                                          LINDA
REYNA YAÑEZ                                                                                                                                                      Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

Opinion delivered and
filed this the

29th day of August,
2002.