**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Justin Edward SEIDULE, Appellee.**

**No. 01–97–00188–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1998.

Stacey Suzette Zipp, Houston, for Appellant.

Terri Holder, Angleton, for Appellee.

Panel consists of Justices COHEN, O'CONNOR, and ANDELL.

## OPINION

ERIC ANDELL, Justice.

This is an appeal from a suit for judicial review of an administrative driver's license revocation. We reverse.

### Facts

Appellant Justin Edward Seidule was arrested by Department of Public Safety Trooper Barry Adams for driving while intoxicated (DWI). Trooper Adams took Seidule to the Brazoria County Sheriff's Office, where he administered the statutory DWI warnings. Adams then asked Seidule to submit to a breath test, and Seidule agreed to take it. Seidule failed the test, which showed Seidule's blood alcohol content as 0.175 and .0184. Adams then served Seidule with notice of an administrative suspension of his driver's license.

Seidule requested an administrative hearing to contest his driver's license suspension.[1] The Department offered four exhibits, the DWI statutory warnings form (form DIC–24), Trooper Adams's probable cause affidavit (form DIC–23), the intoxilyzer report, and the breath test technical supervisor's affidavit (form DIC–56). The administrative law judge (ALJ) admitted the exhibits over Seidule's objections, and the ALJ authorized the Department to

---

1. State Office of Administrative Hearings docket number 1996–10–13123.

suspend Seidule's driver's license for 60 days. Seidule filed a suit for judicial review of the administrative decision with the county court, and that court reversed. In both its judgment and findings of fact and conclusions of law, the county court concluded (1) there was not substantial evidence to support (a) Trooper Adam's initial traffic stop of Seidule and (b) the finding that Seidule had a blood alcohol content in excess of 0.10 and (2) form DIC–56 did not comply with the requirements of Transportation Code section 524.038(b). TEX. TRANSP. CODE ANN. § 524.038(b) (Vernon 1998).

## Discussion

■ Seidule brings a cross-point in which he contends the administrative record was not before the county court because it was not offered and admitted into evidence. See TEX. GOV'T CODE ANN. § 2001.175(d) (Vernon 1998) ("The party seeking judicial review shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit."). Seidule was the party seeking judicial review. Thus it was Seidule's duty to offer the administrative record into evidence. Furthermore, the county court's judgment states, "After considering the transcript and records of the administrative hearing ..., the Court ... issues the following orders:" It is clear the county court considered the administrative record. See Texas Dep't of Pub. Safety v. Duggin, 962 S.W.2d 76, 79 (Tex.App.—Houston [1st Dist.] 1997, no pet.). If there was a technical error in admitting the administrative record into evidence, it was Seidule's burden, and we will not allow him to profit from any such error.

We overrule Seidule's cross-point.

In point of error two, the Department contends the county court erred by con-

cluding there was not substantial evidence to support the ALJ's decision that Trooper Adams had reasonable suspicion to make an initial traffic stop. The Department thus attacks the portion of the judgment that states, "[A] reasonable suspicion to stop Justin Edward Seidule is not reasonably supported by substantial evidence considering the reliable evidence in the record as a whole."

■ In conducting a substantial evidence review, we must first determine whether the evidence as a whole is such that reasonable minds could have reached the conclusion the agency must have reached in order to take the disputed action. Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988); Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc., 665 S.W.2d 446, 453 (Tex.1984). We may not substitute our judgment for that of the agency and may consider only the record on which the agency based its decision. Sizemore, 759 S.W.2d at 116. The appealing party bears the burden of showing a lack of substantial evidence. Charter Medical, 665 S.W.2d at 453. The appealing party cannot meet this burden merely by showing that the evidence preponderates against the agency decision. Id. at 452. If substantial evidence would support either affirmative or negative findings, we must uphold the agency decision and resolve any conflicts in favor of the agency decision. Auto Convoy Co. v. Railroad Comm'n, 507 S.W.2d 718, 722 (Tex.1974).

■ Although Seidule objected at the administrative hearing to the admission of form DIC–23,[2] the probable cause affidavit, he did not specifically complain in the county court about the admission of that evidence. The county court did not specifically conclude that form DIC–23 was improperly admitted, and Seidule does not

---

2. The portion of form DIC–23 completed by Trooper Adams states, in part:

I observed the driver of the above vehicle a red 1990 Geo 4–door with TxLP# VIV–65H to be failing to maintain a single marked lane. I made a traffic stop on the vehicle and the driver was found to be intoxicated after field sobriety task [sic] were given. The driver was placed under arrest for DWI.

argue that point on appeal. Instead, Seidule contends that Trooper Adams's statement in form DIC–23 is conclusory.

Transportation Code section 545.060(a) states, "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (b) may not move from the lane unless that movement can be made safely." TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1998). Trooper Adams stated in form DIC–23 that, "I observed the driver of the above vehicle ... failing to maintain a single marked lane." Contrary to Seidule's assertion, this is not a conclusory statement. We hold there was substantial evidence to support the ALJ's finding that Trooper Adams had reasonable suspicion to make an initial traffic stop.

We sustain point of error two.

In point of error four, the Department contends the county court erred by concluding that form DIC–56 did not comply with the requirements of Transportation Code section 524.038(b). Section 524.038 provides in part:

(a) The reliability of an instrument used to take or analyze a specimen of a person's breath to determine alcohol concentration and the validity of the results of the analysis may be attested to in a proceeding under this subchapter by affidavit from the certified breath test technical supervisor responsible for maintaining and directing the operation of breath test instruments in compliance with department rule.

(b) An affidavit submitted under Subsection (a) must contain statements on:

(1) the reliability of the instrument and the analytical results; and

(2) compliance with state law in the administration of the program.

TEX. TRANSP. CODE ANN. § 524.038(a), (b) (Vernon 1998).

Form DIC–56 provides in part:

My name is **LEE ANNE SPINO**, I am over 18 years of age, of sound mind, capable of making this Affidavit, and personally, acquainted with the facts herein stated.

I am the custodian of the records and the Certified Technical Supervisor for Area 003, Texas Breath Alcohol Testing Program. This affidavit is made in accordance with the provisions of Texas Transportation Code section 524.038, or for the purpose of Texas Transportation Code section 522.106.

*On or about 03:11 CDT on 08/24/96 a breath test was administered to a subject by the name of JUSTIN E SEIDULE, DOB 06/27/75. The test was conducted on a certified instrument, namely a Model 5000 Intoxilyzer, serial number 66–001381, as part of the certified breath test program at ANGLETON, TEXAS. The test was conducted by a certified breath test operator who is trained in the required methodology for breath testing, namely B L ADAMS, # 12554.*

*The records show that the test was administered in compliance with the laws of the State of Texas and Regulations of the Texas Breath Alcohol Testing Program. Further, the records show that the aforesaid instrument was reliable and in proper working condition at the time of the test. The test is, therefore, a valid test according to the aforesaid Regulations.*

Analytical results of the aforesaid test disclosed alcohol concentrations of 0.175 and 0.184, both of which were valid analytical results.

(Emphasis added.)

■ Seidule first contends the affidavit is defective because it is merely conclusory and does not contain facts to corroborate the statements required by section 524.038(b), *i.e.*, (1) the reliability of the instrument and the analytical results and (2) compliance with state law in the administration of the breath test program. We disagree.

■ Appellant contends the statements italicized above are too conclusory to be admitted in a summary judgment proceeding, and thus, they should be excluded. An affidavit admitted in a summary judgment proceeding, however, must be specific because there is no trial and no live witnesses. In an administrative hearing, there is a trial and there may be live witnesses.[3]

We hold that the affidavit complied with the requirements of section 524.038(b). It "contain[ed] statements on: (1) the reliability of the instrument and the analytical results; and (2) compliance with state law in the administration of the program." TEX. TRANSP. CODE ANN. § 524.038(b) (Vernon 1998). Although an ALJ might find such affidavits unpersuasive, that is a matter which goes to the weight of the evidence, not to its admissibility. Seidule was free to subpoena Spino if he wished to question the factual basis for the affidavit statements.

■ Seidule next contends the affidavit is defective because it does not state that Spino is the certified breath test technical supervisor responsible for maintaining and directing the operation of the intoxilyzer used to test Seidule. *See* TEX. TRANSP. CODE ANN. § 524.038(a) (Vernon 1998). We do not reach this contention, however, because Seidule did not object to the admission of form DIC–56 on this ground at the administrative hearing.[4] *See Haney v. Purcell Co.*, 796 S.W.2d 782, 789 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (objection must be specific enough to inform trial court of reason for objection).

The ALJ properly admitted form DIC–56 based on the objections before her. We hold that the county court erred by concluding that form DIC–56 did not comply with the requirements of Transportation Code section 524.038. We sustain point of error four.

In point of error three, the Department contends the county court erred by concluding there was not substantial evidence to support the ALJ's finding that Seidule had a blood alcohol content in excess of 0.10 Because we have held that form DIC–56 was properly admitted by the ALJ, we hold there was substantial evidence to support the ALJ's finding that Seidule had a blood alcohol content in excess of 0.10.

We sustain point of error three.

In point of error one, the Department generally contends that the county court erred in reversing the ALJ's decision because the ALJ's decision was supported by substantial evidence. This point is moot because we have already addressed the county court's specific reasons for reversing the decision in points two, three, and four.

## Conclusion

We reverse the judgment of the county court, and we render judgment affirming the administrative decision.

---

3. Under section 524.038(d), if appellant had subpoenaed Spino and she failed to appear at the hearing without a showing of good cause, then Spino's form DIC–56 affidavit would have been inadmissible. TEX. TRANSP. CODE ANN. § 524.038(d) (Vernon 1998).

4. Seidule's objection was as follows:

It's not certified as required. By that same section—merely a notarized statement is not certified. *It is* required. To comply with the statute, it's required to contain— statements regarding the reliability of the

instrument, the analytical results, and it also is required to contain facts showing that clearly under the Department, it is in compliance with state law in the administration of this program.

While there are very general [inaudible] statements about those, that's all they are. There are no facts in support and no specifics; and therefore, it is not an appropriate document. In addition, it contains hearsay within hearsay.