# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00700-CV

**Kathryn Stagg, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY**
**NO. 258,293, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

Kathryn Stagg appeals the county court at law=s decision upholding an administrative order suspending her driver=s license for ninety days for refusing to provide a breath or blood sample for alcohol concentration testing. *See* Tex. Transp. Code Ann. '' 742.035, .041, .043 (West Supp. 2002). Stagg alleges that there is insufficient evidence to find that she was Aoperating@ a vehicle when she was arrested. We will affirm the judgment of the trial court upholding the suspension of Stagg=s driver=s license.

## FACTUAL AND PROCEDURAL BACKGROUND

During the early morning hours of July 4, 2001, Austin Police Officer Doroteo Hernandez arrested Kathryn Stagg on suspicion of Driving While Intoxicated (DWI) after he identified her as the operator of a vehicle blocking the inside lane of traffic on East 7th Street. In the Affidavit for Warrant of Arrest and Detention (Affidavit), Officer Hernandez stated that Stagg exhibited a strong odor of alcohol, slurred speech, bloodshot eyes, and generally poor balance. The Affidavit states that Hernandez= belief was

based on personal knowledge, and that he observed Stagg operate the vehicle. Additionally, Stagg performed poorly on several field sobriety tests. Hernandez noted that the engine of the vehicle was running, the lights were on, and there was no mechanical problem with the car. Stagg was arrested, and Hernandez requested that she give either a breath or blood specimen for analysis of alcohol concentration. Stagg refused to submit either sample, and the Department of Public Safety (Department) suspended her driver=s license for ninety days.

An administrative hearing to contest the suspension of Stagg=s driving privileges was held on July 30, 2001. The Administrative Law Judge (ALJ) affirmed the Department=s suspension of Stagg=s driver=s license. The county court at law upheld the ALJ=s decision to suspend Stagg=s license.

## DISCUSSION

Stagg=s single issue challenges the trial court=s finding that there was sufficient evidence to conclude that she was Aoperating@ a motor vehicle when Officer Hernandez observed the car stopped in the center lane of East 7th Street with its engine running and the lights on. An appellate court reviews administrative license suspensions under the substantial evidence standard. *Mireles v. Texas Dep=t of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). An administrative decision is presumed to be supported by substantial evidence, and the complaining party has the burden to overcome the presumption. *City of El Paso v. Public Util. Comm=n,* 883 S.W.2d 179, 185 (Tex. 1994); *Texas Health Facilities Comm=n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex. 1984). Substantial evidence means A>such relevant evidence as a reasonable mind might accept as adequate to support a conclusion= of fact.@

3

*Lauderdale v. Texas Dep=t of Agric.*, 923 S.W.2d 834, 836 (Tex. App.CAustin 1996, no writ).

Additionally, substantial evidence requires only more than a mere scintilla of evidence. *See Railroad*

*Comm=n v. Torch Operating Co.*, 912 S.W.2d 790, 792-93 (Tex. 1995). Thus, the reviewing court must

determine only whether the record demonstrates there was some reasonable basis for the agency=s action.

*See Mireles*, 9 S.W. 3d at 131.

Stagg=s driving privileges were ordered suspended under chapter 724 of the Transportation

Code. Tex. Transp. Code Ann. '' 724.001-.064 (West 1999 & Supp. 2002). Stagg analogizes,

however, to several cases construing section 49.04 of the Penal Code (DWI). *See* Tex. Pen. Code Ann. '

49.04 (West Supp. 2002). In a criminal proceeding for DWI, the State must prove beyond a reasonable

doubt that the defendant operated the vehicle as an element of the offense. In an administrative license

suspension proceeding under section 724.042, however, the Department is required to prove only that

Aprobable cause existed to believe that the person was operating a motor vehicle in a public place while

intoxicated.@ Tex. Transp. Code Ann. ' 724.042(2)(A) (West Supp. 2002).[1] Because we decide this

---

[1] At a suspension hearing, the Department is required to prove by a preponderance of the evidence that:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

(B) operating a motor vehicle in a public place while intoxicated; or

(B) operating a watercraft powered with an engine having a manufacturer=s rating of 50 horsepower or above while intoxicated;

case under the civil statute, Stagg=s contention that the Department must meet the stricter burden to prove she was operating the vehicle is incorrect. *See Church v. State*, 942 S.W.2d 139, 140 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d) (AThe statute authorizing the [driver=s license] suspension hearing neither requires nor empowers the ALJ to decide the ultimate issue of whether appellant was actually operating a motor vehicle while intoxicated.@).

Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Stagg claims there is insubstantial evidence in the record that indicates she operated the car blocking traffic in the middle of East 7th Street. The evidence in the record includes the preprinted form affidavit that Officer Hernandez completed which states that he Aobserved@ her Aoperating@ the 2000 BMW Z3 on East Seventh street. In his Affidavit,

---

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

Tex. Transp. Code Ann. '' 724.042, .043 (West Supp. 2002); *Texas Dep=t of Pub. Safety v. Norrell*, 968 S.W.2d 16, 18 (Tex. App.CCorpus Christi 1998, no pet.).

Hernandez provided articulable facts in detailing his observations that would indicate Stagg had operated the car in a manner that violated the Transportation Code. The facts that the car was sitting in the inside lane of the street, its engine was running, its lights were on, and there was no mechanical difficulty with the vehicle are sufficient to establish that Hernandez had probable cause to believe Stagg had operated the car. In addition, Stagg=s physical condition and performance on field sobriety tests supports a finding that Officer Hernandez had probable cause to believe Stagg was intoxicated. The officer=s statement is sufficient to support a finding that probable cause existed that Stagg was operating a motor vehicle while intoxicated. Officer Hernandez=s Affidavit provides more than a scintilla of evidence. Thus, there was a reasonable basis for the agency=s conclusion.

Stagg contends that the use of the word Aoperate@ in Hernandez=s Affidavit is conclusory and therefore insufficient to establish that she was in control of the vehicle. As we have stated, the Department was only required to show that Hernandez had probable cause to believe Stagg had been in control of the vehicle. Therefore, Stagg=s argument is misplaced because the Department is not required to prove that Stagg was operating the car under the legal meaning of the term operate. Rather, the use of the term operate on the Affidavit is a descriptive term used to relate the officer=s observations pertaining to a DWI arrest. In this case, Hernandez supported his use of the term operate by stating that the car=s engine was running, the lights were on, and it was stopped in the center of the street blocking traffic.

Moreover, we disagree that the statement to which Stagg objects is conclusory. In *Texas Department of Public Safety v. Seidule,* the court held that a trooper=s statement on a required affidavit

6

that AI observed the driver of the above vehicle . . . failing to maintain a single marked lane@ was not conclusory. 991 S.W.2d 290, 294 (Tex. App.CHouston [1st Dist.] 1998, no pet.). In addition, as the trial judge in this case noted, Stagg could have called Officer Hernandez to testify, which would have allowed her to question him regarding the basis for his statement. This Stagg failed to do. The preprinted Affidavit directs the officer completing the form to strike through either driving or operating to indicate the basis for a DWI arrest. *See* Tex. Transp. Code Ann. ' 724.032 (West Supp. 2002) (requiring forms used by law enforcement officers to state the basis for an officer=s belief that Athe person had been operating a motor vehicle . . . while intoxicated@). Operating encompasses a broader range of actions than driving. Driving is commonly used to indicate that a person takes some action to cause a vehicle to move. Operate, on the other hand, can mean that a person does something to make a vehicle function, whether the vehicle moves or remains stationary. Hernandez=s Affidavit states that he based his belief that Stagg was operating the vehicle on personal knowledge. He then articulated specific facts describing the location and condition of the car that he observed to supported his belief that Stagg was operating the vehicle.

Although Stagg questions the evidence that indicates her operation of the vehicle, there is evidence that gives rise to probable cause that she was the individual operating the vehicle. In order for the engine to be running, the keys were probably in the ignition. The fact that the car was in the center of the street, not stopped at the curb, is significant. This indicates that Stagg exercised control over the vehicle to leave it in this location. Because there was no mechanical problem with the car, a reasonable person could easily infer that Stagg had done something to cause the vehicle to come to rest at a location that impeded the

7

flow of traffic.  Officer Hernandez used the term operate to accurately describe his observations of Stagg=s actions.  Therefore, the use of the term operating in the Affidavit was not conclusory.

## CONCLUSION

Having determined that Officer Hernandez had probable cause to believe Stagg was operating a motor vehicle while under the influence of alcohol, we affirm the judgment of the trial court upholding the suspension of Stagg=s driving privileges for ninety days.


Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:  June 13, 2002

Do Not Publish

8