# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00671-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Mark Lawrence Segrest, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. 263,270, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal by the Texas Department of Public Safety from the reversal by the county court at law of an administrative order suspending Mark Lawrence Segrest's driver's license for refusal to submit to a breathalyzer test. *See* Tex. Transp. Code Ann. §§ 724.001-.064 (West 1999 & Supp. 2003). An administrative law judge ("ALJ") ordered Segrest's license suspended, and he appealed to the county court. The county court found that there was no evidence that Segrest operated a motor vehicle in a public place and ordered the suspension lifted. The Department appeals, and we reverse and render for the reasons that follow.

### FACTUAL BACKGROUND

At the administrative suspension hearing, the Department's case consisted of the testimony of two Austin police officers, Wismar and Boyd, along with an affidavit for an arrest

warrant executed by Officer Boyd. This evidence showed that on December 26, 2001, Officer Wismar was dispatched to the 200 block of West 6th Street as a result of a report of a vehicular collision. Officer Wismar estimated that he arrived on the scene within five minutes of the time the collision was reported. He testified that when he arrived Segrest was standing between the two cars involved in the collision, an Isuzu Trooper, which the officer recalled Segrest owned, and a Toyota Camry, which the other driver, Tommy Dang, owned. Officer Wismar said that Segrest and Dang appeared to be exchanging information, and that there were no other people in the vicinity. He testified that he was unsure which of the drivers involved had placed the call to the police. He acknowledged that he did not observe Segrest driving a vehicle.

Officer Boyd testified that he was called to the scene that night by Officer Wismar, who requested that he conduct a DWI investigation of Segrest. Officer Boyd also acknowledged that he did not observe Segrest driving a vehicle.

In addition to his live testimony, Officer Boyd's affidavit for an arrest warrant was introduced. In it, Officer Boyd averred that Tommy Dang identified Segrest to Officer Wismar as the driver of the "1998 Isuzu Trooper" involved in the collision in the 200 block of West 6th Street. Officer Boyd also averred that he observed Segrest at the scene and concluded that Segrest was intoxicated because he exhibited bloodshot and glassy eyes, smelled of alcohol, appeared to be swaying, and slurred his speech. The affidavit also reflects that Segrest admitted to the officers that he "drank 2 ½ beers," and an "open 12 oz. can [sic] Budlight" was found in his possession. The officer further averred that Segrest performed poorly on field sobriety tests, was arrested for driving while intoxicated, and refused to submit to an intoxilyzer test.

The ALJ made a finding that the officers had reasonable suspicion to stop Segrest because: "Tommy Dang identified Segrest to Officer Laurence as the driver of a motor vehicle, an Isuzu, involved in a collision on a public roadway, the 200 block of W. 6th Street in Austin, Texas." He also found that there was probable cause to arrest Segrest for operating a motor vehicle in a public place while intoxicated because: "Officer Laurence observed Segrest to have an odor of an alcoholic beverage, bloodshot and glassy eyes, poor balance and 6 clues on the HGN test." Segrest voiced a hearsay objection to the admission of the affidavit, particularly the statement that, "A citizen Tommy Dang advised that the accused was the driver of the '98 Isuzu Trooper." The ALJ admitted the report to show the officer's state of mind, but denied it for purposes of establishing the truth of the matters asserted.

## DISCUSSION

On appeal, the Department complains that the county court at law erred in reversing the Department's administrative decision because: (1) the ALJ's error in identifying an investigating officer was clerical and involved a matter immaterial to the decision; (2) Officer Boyd's statement in the affidavit for arrest warrant, that Tommy Dang stated that Segrest was the driver of the 1998 Isuzu Trooper, was not inadmissible hearsay because it was admitted only to show the state of mind of the officers; and (3) there was evidence of probable cause to believe Segrest was driving while intoxicated. We sustain the Department's first and third issues and, because of the disposition of these issues, we do not reach the second. Without considering the challenged witness identification of Segrest, we find that the requisite probable cause existed.

3

*Driver's License Suspension*

Segrest's driver's license was suspended by the Department because of his refusal to submit a breath specimen for an intoxilyzer examination under the implied consent law. *See* Tex. Transp. Code Ann. § 724.035. Section 724.042 provides that at an administrative suspension hearing the Department must prove:

(1) reasonable suspicion[1] or probable cause[2] existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

(A) operating a motor vehicle in a public place while intoxicated;

* * * *

---

[1] "Reasonable suspicion" is the standard of proof required for police investigatory stops. Under the standard, a police officer may stop and briefly detain a citizen for investigative purposes if under the totality of the circumstances the officer knows of specific articulable facts that, when combined with the officer's training, experience, and personal knowledge, and the rational inferences from those facts, lead one to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). The articulable facts must (1) involve an unusual activity out of the ordinary that is occurring or has occurred; (2) relate to a crime; and (3) connect the detainee to the unusual activity. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997); *Texas Dep't of Pub. Safety v. Jenkins*, 60 S.W.3d 304, 306 (Tex. App.—Austin 2001, no pet.). The officer must point to something that would lead a reasonable person to believe that the detainee was engaged in criminal conduct. *Viveros v. State*, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992).

[2] "Probable cause" is the standard for arrest in criminal cases. It is defined as the existence of reasonably trustworthy information sufficient to warrant a reasonable person to believe that a particular person has committed an offense. *See State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999); *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997); *see also Jackson v. State*, 33 S.W.3d 828, 832 (Tex. Crim. App. 2000) (probable cause standard based on common sense, not technicalities). Mere speculation is not sufficient, but probable cause requires less than the evidentiary standards of "beyond a reasonable doubt" or "preponderance of the evidence." *Guzman*, 955 S.W.2d at 87.

4

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

*Id.* § 724.042 (West Supp. 2003).

### *Standard and Scope of Review*

The substantial evidence rule governs an appellate court's review of an administrative license suspension. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *Stagg v. Texas Dep't of Pub. Safety*, 81 S.W.3d 441, 443 (Tex. App.—Austin 2002, no pet.). Under the substantial evidence rule, we are to presume that substantial evidence supports the administrative decision, and it is the complaining party's burden to rebut that presumption. *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex. 1994); *Stagg*, 81 S.W.3d at 443. The "substantial evidence" standard is defined as the relevant evidence that a reasonable mind would accept as supporting a finding of fact. *Stagg*, 81 S.W.3d at 443; *Lauderdale v. Texas Dep't of Agric.*, 923 S.W.2d 834, 836 (Tex. App.—Austin 1996, no writ). Substantial evidence amounts to more than a scintilla of evidence. *Railroad Comm'n v. Torch Operating Co.*, 912 S.W.2d 790, 792-93 (Tex. 1995); *Texas Dep't of Pub. Safety v. Kusenberger*, 29 S.W.3d 154, 156 (Tex. App.—San Antonio 2000, no pet.).

The issue before an appellate court is whether there is some reasonable basis in the record to support the agency's decision. *See Mireles*, 9 S.W.3d at 131. Whether an administrative decision is supported by more than a scintilla of evidence is a question of law. *Texas Dep't of Pub.*

5

*Safety v. Butler*, 110 S.W.3d 673, 675 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Reviewing courts are not to substitute their judgment for that of the administrative law judge. *Torch Operating Co.*, 912 S.W.2d at 792.

### *Evidentiary Record Establishes Probable Cause*

The only issue here is whether there is more than a scintilla of evidence that Segrest *operated* a vehicle in a public place while intoxicated. At the suspension hearing, the Department was required to show only that the police had probable cause to believe that Segrest operated a vehicle in a public place while intoxicated. *See* Tex. Transp. Code Ann. § 724.042(2)(A). This means that the Department had to present reasonably trustworthy information sufficient to warrant the reasonable belief that Segrest operated his 1998 Isuzu Trooper on a public roadway while he was intoxicated.

Evidently, the error in the record that formed the basis for the reversal by the county court at law was the discrepancy in the name of the officer to whom Tommy Dang reported Segrest as the operator of the Isuzu, and the officers who actually investigated the incident. The evidence shows that Officers Wismar and Boyd investigated this incident. The ALJ's finding states that Tommy Dang made the identification to "Officer Laurence." But the record does not contain any evidence of any involvement of an Officer Laurence.[3] In all other respects, the ALJ's findings are supported by the administrative record.

---

[3] We note that Segrest's middle name is "Lawrence."

The police were called to the scene to investigate a vehicular collision. When an officer arrived, he found only two vehicles and two individuals. There was no one else in the vicinity. We have no direct evidence of the exact location of the vehicles, but we can reasonably infer from the evidence presented that they were in a public roadway, the 200 block of West 6th Street. Segrest was standing between the two vehicles exchanging information with the other driver, Dang. After arriving at the scene, the first officer requested that a second officer investigate whether Segrest was intoxicated. Segrest admitted that he had had two and a half beers, and an open can of beer was found in his possession.

The totality of the circumstances, including reasonable inferences from the evidence, establishes probable cause to believe the vehicle was operated in a public place by Segrest while he was intoxicated. *See Dyar v. State*, 59 S.W.3d 713, 716-17 (Tex. App.—Austin 2001, no pet.) (probable cause existed, under article 14.03(a)(1) of the code of criminal procedure, when officer found defendant at hospital displaying signs of intoxication after being removed from scene of one-car accident); *Malkowsky v. Texas Dep't of Pub. Safety*, 53 S.W.3d 873, 875-76 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (eyewitness reported seeing defendant's reckless driving to police); *Chilman v. State*, 22 S.W.3d 50, 56-57 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (defendant found unconscious behind wheel of vehicle with motor running).

The only question before us is whether there is a reasonable basis in the record to support the ALJ's decision. If two vehicles are involved in a collision and two individuals are found standing near the vehicles exchanging information, it is a reasonable inference from those facts that those are the two individuals who had been operating the vehicles at the time of the collision.

7

Officer Wismar estimated that he arrived on the scene within five minutes of the time the collision was reported. Both Officer Wismar and Officer Boyd testified to facts at the administrative hearing that, together with reasonable inferences from those facts, establish probable cause to believe that Segrest operated his Isuzu while intoxicated.

We hold that there was sufficient proof to establish probable cause that Segrest had operated his vehicle while intoxicated, which Segrest did not rebut. The officers' testimony and affidavit support the Department's decision. The inclusion of the name "Laurence" as the person to whom Dang identified Segrest as the driver of the vehicle appears to be a clerical error. Even if we do not consider the objected-to statement in the affidavit, we believe there are enough facts to support probable cause that Segrest operated the vehicle while intoxicated.

The record shows that Officers Wismar and Boyd conducted the investigation. The ALJ's incorrect naming of the investigating officer is not material, nor does it impair Segrest's substantial rights. The ALJ correctly named the material witness, Tommy Dang, who identified Segrest as the driver of the Isuzu. *See* Tex. Gov't Code Ann. § 2001.174 (West Supp. 2003) (on judicial review administrative decision should be reversed only if substantial right of person is prejudiced because ALJ's findings, inferences, conclusions, or decisions are not supported by substantial evidence); *Kusenberger*, 29 S.W.3d at 157 (holding evidence supported reasonableness, regardless of correctness, of ALJ's decision even though ALJ found driver refused to submit breath specimen, but proof showed driver failed to submit blood specimen); *Blankenbeker v. Texas Dep't of Pub. Safety*, 990 S.W.2d 813, 818-19 (Tex. App.—Austin 1999, pet. denied) (holding ALJ's error

8

in finding wrong date of violation's occurrence did not affect driver's substantial rights requiring reversal of ALJ's decision).

## CONCLUSION

For the reasons set forth above, the Department's first and third issues on appeal are sustained. The judgment of the county court at law, reversing the decision of the Department, is reversed, and judgment is rendered reinstating the Department's suspension of Segrest's driver's license.

_____

Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Reversed and Rendered

Filed: October 16, 2003