# NO. 12-09-00385-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GEORGE ANN ANDERSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION

George Ann Anderson appeals her felony conviction for driving while intoxicated ("DWI"). In her sole issue, she challenges the factual sufficiency of the evidence. We affirm.

## BACKGROUND

On December 22, 2008, Smith County Sheriff's Deputy April Tompkins was dispatched to a disturbance call in Whitehouse, Texas. While traveling westbound on Farm-to-Market Road 346, she observed a red truck traveling eastbound on the same road. Deputy Tompkins saw the red truck turn onto County Road 15 ("CR 15"), the same road on which she needed to turn to investigate the disturbance call. Deputy Tompkins decided to follow the truck, but was prevented from turning onto CR 15 momentarily due to oncoming traffic. Deputy Tompkins lost sight of the truck, but spotted it again in "less than thirty seconds." She then saw that the driver was putting the truck's transmission in "park," and that the truck was parked on the wrong side of the road impeding the flow of oncoming traffic.

The deputy decided to investigate, shined her "alley light" into the truck, and saw Appellant slumped over the steering wheel. Deputy Tompkins then initiated contact with Appellant. She smelled the strong odor of alcohol and noticed that Appellant's speech was slurred. The deputy also discovered in plain view a clear, half full bottle containing amber colored liquid that was later confirmed to be whiskey. The deputy called for backup. One of the officers who arrived was Department of Public Safety Trooper

Boulware, who was more experienced in conducting DWI investigations. Trooper Boulware eventually determined that Appellant was intoxicated and arrested her. Appellant was "rude and belligerent" to the officers, and had trouble climbing into the patrol unit. She reacted violently to the news of her arrest, and hit her head repeatedly against the cage separating the front and rear cabins of the patrol unit.

Appellant was indicted for DWI, enhanced by two prior DWI convictions and a conviction for assault on a public servant. At trial, Appellant pleaded not guilty. Appellant's primary defense was that she did not "operate" a motor vehicle. The jury convicted her of DWI, and the enhancements were found to be true, resulting in a second degree felony conviction. The trial court assessed punishment at sixteen years of imprisonment. Appellant timely appealed.

### FACTUAL SUFFICIENCY OF THE EVIDENCE

In her sole issue, Appellant argues that the evidence is factually insufficient to support the jury's conclusion that she "operated" a motor vehicle.

### Standard of Review

In conducting a factual sufficiency review, we look at the evidence in a neutral light. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). A verdict will be set aside if the evidence supporting the conviction, although legally sufficient, is so weak that the jury's determination is clearly wrong and manifestly unjust, or if there is some objective basis in the record that shows the great weight and preponderance of the evidence contradicts the jury's verdict. *Berry v. State*, 233 S.W.3d 847, 854 (Tex. Crim. App. 2007); *Watson v. State*, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006). A clearly wrong and unjust verdict occurs where the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Berry*, 233 S.W.3d at 854. However, juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14-15 (Tex. Crim. App. 2007).

Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to

the jury's determinations. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). It is not enough that we might harbor a subjective level of reasonable doubt to overturn a conviction that is founded on legally sufficient evidence. *See Watson*, 204 S.W.3d at 417.

**Applicable Law**

A person commits the offense of DWI if the person "is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). Although undefined in the penal code, the court of criminal appeals has held that for purposes of DWI, a defendant "operates" a vehicle when the totality of the circumstances demonstrates "that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). In other words, "operation does not necessarily involve driving," and a DWI conviction may stand even where the evidence fails to prove the defendant was actively engaged in driving the vehicle. *See id.*

**Discussion**

Appellant does not contest that she was intoxicated and in a public place. Instead, she challenges the State's evidence pertaining to whether she "operated" the vehicle. Specifically, Appellant argues the evidence shows only that (1) Deputy Tompkins "saw a red truck driven by an unidentified person," (2) "the deputy lost sight of the vehicle, then turned on CR 15 and saw a truck parked in [the] street," and (3) "Appellant, the occupant of the truck on CR 15, had placed the vehicle in park and was parked across the street from her own house."

In her analysis, Appellant cites three cases and distinguishes them from the facts presented in this case. *See Dornbusch v. State*, 262 S.W.3d 432, 433, 437-38 (Tex. App.—Fort Worth 2008, no pet.) (holding "operation" occurred where driver found asleep, "hunched over the steering wheel" in parking lot with headlights on and loud music playing, and where "there was testimony indicating that the vehicle was not in park and that the only thing keeping the vehicle from moving was the curb"); *Freeman v. State*, 69 S.W.3d 374, 376 (Tex. App.—Dallas 2002, no pet.) (driver operated vehicle when found asleep with lights on, car in drive, and wheel resting against curb of public street); *Barton v. State*, 882 S.W.2d 456, 459-60 (Tex. App.—Dallas 1994, no pet.) (holding driver operated vehicle where found asleep at wheel with feet on clutch and

3

brake, engine idling, and car in roadway protruding into intersection, and who proceeded to engage clutch and change gears upon being awakened by police). Appellant contends that in all of those cases, the defendants exerted personal effort upon their vehicle by having the car in gear. In contrast, Appellant argues, Deputy Tompkins never witnessed Appellant's operation of the vehicle, and the deputy observed only that the transmission of Appellant's truck was in "park," not in "drive."

In the cases cited by Appellant, the officers' first observations were of the person in the car but no movement of the vehicle. In contrast, the instant case is more like ***Smith v. State***, No. 07-06-0240-CR, 2006 WL 3613795, at *2-3 (Tex. App.—Amarillo Dec. 11, 2006, pet. ref'd) (mem. op., not designated for publication). In ***Smith***, a witness saw the defendant's car crash into a tree in a parking lot. ***Id.***, at *2. On cross examination, he admitted he could not see who was in the vehicle until it was stopped. ***Id.*** The witness estimated that it took less than forty-five seconds from the time he first saw the vehicle until he was able to turn around and check on the driver. ***Id.*** The witness conceded that during this time, the defendant's vehicle "was out of [his] view at some point." ***Id.*** The arresting officer in ***Smith*** also admitted that he did not see the defendant operate the vehicle; however, he did state that when he arrived, she was the only person in the vehicle and she was "passed out asleep" on the steering wheel. ***Id.*** The Amarillo court of appeals concluded that

> there is no evidence in the record which suggests anyone other than Appellant operated the vehicle. In fact, the evidence indicates that it would be unlikely, if not illogical, that some unknown driver would switch places with Appellant, exit through the passenger side door, and flee the scene in the forty-five seconds it took for [the witness] to return to the scene of the collision.

***Id.***, at *3.

Deputy Tompkins observed a red truck turn onto CR 15, did not see any other red trucks turn onto or off of CR 15, observed no other red trucks while she traveled on CR 15, and concluded that Appellant put the truck in "park" because Appellant's white reverse lights initiated momentarily. *See **Molina v. State***, No. 07-09-00022-CR, 2010 WL 1068090, at *2 (Tex. App.—Amarillo Mar. 18, 2010, no pet. h.) (mem. op., not designated for publication) (holding fact that appellant was only person in vehicle, in driver's seat, and officer's observations of flickering brake lights provided circumstantial evidence of guilt to survive factual sufficiency challenge, even though no one specifically observed defendant's ignition or driving of vehicle). Deputy Tompkins also observed

4

that the truck was stopped on the wrong side of the road, in the roadway, and was partially impeding oncoming traffic. *See Stagg v. Texas Dep't of Pub. Safety*, 81 S.W.3d 441, 445 (Tex. App.—Austin 2002, no pet.) (concluding that probable cause existed that driver of vehicle blocking lane of traffic with engine running and lights on had operated vehicle, noting that "[t]he fact that the car was in the center of the street, not stopped at the curb, is significant").

The fact that Deputy Tompkins did not specifically link Appellant's identity with the movement of the red truck, while the red truck was moving, is immaterial. Moreover, Deputy Tompkins's thirty second delayed entry onto CR 15 does not render the evidence insufficient. Considering the totality of the circumstances, the evidence is factually sufficient to support the verdict. Appellant's sole issue is overruled.

## DISPOSITION

We *affirm* the judgment of the trial court.

                                                  **SAM GRIFFITH**
                                                    Justice

Opinion delivered September 1, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)