NO









NO. 12-09-00385-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

GEORGE ANN ANDERSON,

APPELLANT                                                     '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

George
Ann Anderson appeals her felony conviction for driving while intoxicated
(“DWI”).  In her sole issue, she challenges the factual sufficiency of the
evidence.  We affirm.

Background

            On
December 22, 2008, Smith County Sheriff’s Deputy April Tompkins was dispatched
to a disturbance call in Whitehouse, Texas.  While traveling westbound on
Farm-to-Market Road 346, she observed a red truck traveling eastbound on the
same road.  Deputy Tompkins saw the red truck turn onto County Road 15 (“CR 15”),
the same road on which she needed to turn to investigate the disturbance call. 
Deputy Tompkins decided to follow the truck, but was prevented from turning
onto CR 15 momentarily due to oncoming traffic.  Deputy Tompkins lost sight of
the truck, but spotted it again in “less than thirty seconds.”  She then saw
that the driver was putting the truck’s transmission in “park,” and that the
truck was parked on the wrong side of the road impeding the flow of oncoming
traffic.  

            The
deputy decided to investigate, shined her “alley light” into the truck, and saw
Appellant slumped over the steering wheel.  Deputy Tompkins then initiated
contact with Appellant.  She smelled the strong odor of alcohol and noticed
that Appellant’s speech was slurred.  The deputy also discovered in plain view
a clear, half full bottle containing amber colored liquid that was later
confirmed to be whiskey.  The deputy called for backup.  One of the officers
who arrived was Department of Public Safety Trooper Boulware, who was more
experienced in conducting DWI investigations.  Trooper Boulware eventually
determined that Appellant was intoxicated and arrested her. Appellant was “rude
and belligerent” to the officers, and had trouble climbing into the patrol
unit.  She reacted violently to the news of her arrest, and hit her head
repeatedly against the cage separating the front and rear cabins of the patrol
unit.

Appellant
was indicted for DWI, enhanced by two prior DWI convictions and a conviction
for assault on a public servant.  At trial, Appellant pleaded not guilty. 
Appellant’s primary defense was that she did not “operate” a motor vehicle. 
The jury convicted her of DWI, and the enhancements were found to be true,
resulting in a second degree felony conviction.  The trial court assessed punishment
at sixteen years of imprisonment.  Appellant timely appealed. 

 

Factual Sufficiency of the Evidence

            In
her sole issue, Appellant argues that the evidence is factually insufficient to
support the jury’s conclusion that she “operated” a motor vehicle.

Standard of Review

In
conducting a factual sufficiency review, we look at the evidence in a neutral
light.  Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App.
2008).  A verdict will be set aside if the evidence supporting the conviction,
although legally sufficient, is so weak that the jury’s determination is
clearly wrong and manifestly unjust, or if there is some objective basis in the
record that shows the great weight and preponderance of the evidence
contradicts the jury’s verdict.  Berry v. State,
233 S.W.3d 847, 854 (Tex. Crim. App. 2007); Watson v. State, 204
S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006).  A clearly wrong and unjust
verdict occurs where the jury’s finding is manifestly unjust, shocks the
conscience, or clearly demonstrates bias.  Berry, 233 S.W.3d at
854.  However, juries are permitted to make reasonable inferences from the
evidence presented at trial, and circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor. Hooper v. State,
214 S.W.3d 9, 14-15 (Tex. Crim. App. 2007).

Although
we are authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997).  Unless we conclude that it is necessary to
correct manifest injustice, we must give due deference to the jury’s
determinations.  Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim.
App. 2000).  It is not enough that we might harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence.  See Watson, 204 S.W.3d at 417. 

Applicable Law

A
person commits the offense of DWI if the person “is intoxicated while operating
a motor vehicle in a public place.”  Tex.
Penal Code Ann.  § 49.04 (Vernon 2003).  Although undefined in the penal
code, the court of criminal appeals has held that for purposes of DWI, a
defendant “operates” a vehicle when the totality of the circumstances
demonstrates “that the defendant took action to affect the functioning of his
vehicle in a manner that would enable the vehicle’s use.”  Denton v.
State, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).  In other
words, “operation does not necessarily involve driving,” and a DWI conviction
may stand even where the evidence fails to prove the defendant was actively
engaged in driving the vehicle.  See id.

Discussion

Appellant
does not contest that she was intoxicated and in a public place. Instead, she
challenges the State’s evidence pertaining to whether she “operated” the
vehicle.  Specifically, Appellant argues the evidence shows only that (1)
Deputy Tompkins “saw a red truck driven by an unidentified person,” (2) “the
deputy lost sight of the vehicle, then turned on CR 15 and saw a truck parked
in [the] street,” and (3) “Appellant, the occupant of the truck on CR 15, had
placed the vehicle in park and was parked across the street from her own
house.” 

In
her analysis, Appellant cites three cases and distinguishes them from the facts
presented in this case.  See Dornbusch v. State, 262 S.W.3d 432,
433, 437-38 (Tex. App.—Fort Worth 2008, no pet.) (holding “operation” occurred
where driver found asleep, “hunched over the steering wheel” in parking
lot with headlights on and loud music playing, and where “there was testimony
indicating that the vehicle was not in park and that the only thing keeping the
vehicle from moving was the curb”); Freeman v. State, 69 S.W.3d
374, 376 (Tex. App.—Dallas 2002, no pet.) (driver operated vehicle when found
asleep with lights on, car in drive, and wheel resting against curb of public
street); Barton v. State, 882 S.W.2d 456, 459-60 (Tex.
App.—Dallas 1994, no pet.) (holding driver operated vehicle where found asleep
at wheel with feet on clutch and brake, engine idling, and car in roadway
protruding into intersection, and who proceeded to engage clutch and change
gears upon being awakened by police).  Appellant contends that in all of those
cases, the defendants exerted personal effort upon their vehicle by having the
car in gear.  In contrast, Appellant argues, Deputy Tompkins never witnessed
Appellant’s operation of the vehicle, and the deputy observed only that the
transmission of Appellant’s truck was in “park,” not in “drive.” 

In
the cases cited by Appellant, the officers’ first observations were of the
person in the car but no movement of the vehicle.  In contrast, the instant
case is more like Smith v. State, No. 07-06-0240-CR, 2006 WL
3613795, at *2-3 (Tex. App.—Amarillo Dec. 11, 2006, pet. ref’d) (mem. op., not
designated for publication).  In Smith, a witness saw the
defendant’s car crash into a tree in a parking lot.  Id., at
*2.  On cross examination, he admitted he could not see who was in the
vehicle until it was stopped.  Id.  The witness estimated that it
took less than forty-five seconds from the time he first saw the vehicle until
he was able to turn around and check on the driver.  Id.  The
witness conceded that during this time, the defendant’s vehicle “was out of
[his] view at some point.”  Id.  The arresting officer in Smith
also admitted that he did not see the defendant operate the vehicle; however,
he did state that when he arrived, she was the only person in the vehicle and
she was “passed out asleep” on the steering wheel.  Id.  The
Amarillo court of appeals concluded that

 

there is no evidence in the record which suggests
anyone other than Appellant operated the vehicle. In fact, the evidence
indicates that it would be unlikely, if not illogical, that some unknown driver
would switch places with Appellant, exit through the passenger side door, and
flee the scene in the forty-five seconds it took for [the witness] to return to
the scene of the collision.

Id.,
at *3.

Deputy
Tompkins observed a red truck turn onto CR 15, did not see any other red trucks
turn onto or off of CR 15, observed no other red trucks while she traveled on
CR 15, and concluded that Appellant put the truck in “park” because Appellant’s
white reverse lights initiated momentarily.  See Molina v. State,
No. 07-09-00022-CR, 2010 WL 1068090, at *2 (Tex. App.—Amarillo Mar. 18, 2010,
no pet. h.) (mem. op., not designated for publication) (holding fact that
appellant was only person in vehicle, in driver’s seat, and officer’s
observations of flickering brake lights provided circumstantial evidence of
guilt to survive factual sufficiency challenge, even though no one specifically
observed defendant’s ignition or driving of vehicle).   Deputy Tompkins also
observed that the truck was stopped on the wrong side of the road, in the
roadway, and was partially impeding oncoming traffic.  See Stagg v. Texas
Dep’t of Pub. Safety, 81 S.W.3d 441, 445 (Tex. App.—Austin 2002, no
pet.) (concluding that probable cause existed that driver of vehicle blocking
lane of traffic with engine running and lights on had operated vehicle, noting
that “[t]he fact that the car was in the center of the street, not stopped at
the curb, is significant”).

The
fact that Deputy Tompkins did not specifically link Appellant’s identity with
the movement of the red truck, while the red truck was moving, is immaterial. 
Moreover, Deputy Tompkins’s thirty second delayed entry onto CR 15 does not
render the evidence insufficient.   Considering the totality of the
circumstances, the evidence is factually sufficient to support the verdict. 
Appellant’s sole issue is overruled.

 

Disposition

            We affirm
the judgment of the trial court.

 

            

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered September 1, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)