

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAIME MARROQUIN, | § | No. 08-12-00316-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 3 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20120C009902) |
| | § | |

**O P I N I O N**

Jaime Marroquin appeals the trial court's judgment convicting him of driving while intoxicated (DWI) and sentencing him to 70 days' in jail. In a single issue, Marroquin contends the evidence is insufficient to support his conviction. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

While on patrol, El Paso County Sheriff's Deputy Gabriel Gamino encountered a pickup truck stopped in the "middle of the road" during rush-hour traffic. Gamino parked his patrol car six to eight feet behind the truck and activated the unit's overhead lights. Marroquin stumbled out of the truck, and the truck began rolling toward Gamino's patrol car. Marroquin stumbled back into the truck, put it in gear, and applied the brakes, stopping the truck from rolling back farther. Marroquin then exited the truck and asked Gamino what he wanted. When Gamino asked

Marroquin why his truck was stopped in a lane of moving traffic, Marroquin responded that his truck had run out of gas. While speaking to Marroquin, Gamino smelled a strong odor of alcohol on Marroquin's breath and body and noticed that Marroquin was slurring and mumbling his words, was unsteady on his feet, and was sweating profusely. With Marroquin's permission, Gamino conducted several field sobriety tests. Marroquin exhibited all six clues of intoxication on the horizontal gaze nystagmus test, seven of eight clues of intoxication on the walk-and-turn field test, and all four clues of intoxication on the one-leg-stand test.

Based on his observations and field testing, Gamino placed Marroquin under arrest for DWI. Following his arrest, Marroquin voluntarily submitted two breath samples on an intoxilyzer machine. The samples—taken approximately one hour after Gamino encountered Marroquin —showed Marroquin's breath-alcohol level to be 0.216 grams of alcohol per 210 liters of breath and 0.224 grams of alcohol per 210 liters of breath.

The State charged Marroquin with misdemeanor DWI. *See* TEX.PENAL CODE ANN. § 49.04(a)(West Supp. 2013). At trial, the contested issue was whether Marroquin had operated the truck while intoxicated, not whether he was intoxicated.[1] Marroquin argued to the jury that the State had not proved he was operating the truck. The jury was not swayed by Marroquin's argument and found him guilty.

## SUFFICIENCY OF THE EVIDENCE

Marroquin contends the evidence is insufficient because the State failed to prove he was operating the truck while intoxicated. We disagree.

### *Standard of Review*

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99

---

[1] In his closing argument to the jury, Marroquin conceded he was intoxicated.

S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). When reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89.

Under a legal sufficiency review, we may not substitute our judgment for that of the jurors, who are the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We therefore defer to the jurors' resolution of these issues and to their responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13, *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. In resolving what the facts are and what reasonable inferences may be drawn from them, the jurors may accept one version of the facts and reject another, and they may reject any part of a witness's testimony, even if uncontradicted. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd).

### *Applicable Law*

A person commits DWI if he is intoxicated while operating a motor vehicle in a public place. TEX.PENAL CODE ANN. § 49.04(a). Although the Texas Penal Code does not define the

term "operating," the Texas Court of Criminal Appeals has held that a person "operates" a vehicle when the totality of the circumstances demonstrates that the person took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use. *Kirsch v. State*, 357 S.W.3d 645, 650-51 (Tex.Crim.App. 2012); *Denton v. State*, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995). A conviction for driving while intoxicated may be supported solely by circumstantial evidence, which is as probative as direct evidence. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010).

### *Discussion*

Under the totality of the circumstances, the jury could have reasonably inferred from the circumstantial evidence adduced by the State that Marroquin had been driving the truck, and therefore operating it, when it ran out of gas. The truck was stopped "in the middle of the road" during rush-hour traffic because, by Marroquin's own admission, it had run out of gas. Marroquin was inside the truck, and he was its only occupant. Significantly, the keys remained in the truck's ignition. As Marroquin stumbled out of the truck, the truck began rolling toward Gamino's patrol car. Marroquin stopped the truck by getting back in, putting the truck in gear, and applying the brakes.

Marroquin argues the State failed to prove he was operating a motor vehicle while intoxicated because "there was no circumstantial evidence to show a temporal connection between . . . his driving the car to where it rested, if he did[,] . . . and his intoxication." In support of his assertion, Marroquin directs our attention to the absence of "evidence . . . as to how long the truck and/or [he] had been stopped at the scene." We do not dispute that the State presented no direct evidence establishing how recently the truck was driven or how much time elapsed between the

4

truck coming to rest and Gamino's arrival. However, the State was not required to establish the precise time of these events. *Kuciemba*, 310 S.W.3d at 462. Rather, the State was required to show a temporal link between the defendant's intoxication and his operation of a motor vehicle. *Id.* The State succeeded in doing so here. The jury could have reasonably inferred that Marroquin was found very shortly after his truck ran out of gas in a state of intoxication and in control of his truck. As shown above, the truck was stopped in the middle of the road during rush-hour traffic with Marroquin behind the wheel, it was not in park when Marroquin stumbled out of it, and the keys were in the ignition. Additionally, Gamino testified that when he moved Marroquin's truck to the side of the road, he found two large cans of beer—one empty and the other half-full and cold to the touch—inside the truck.

Marroquin further argues that the State failed to prove he was operating a motor vehicle while intoxicated because Gamino did not observe him driving, the truck's engine was not running, the truck was disabled for some unknown period of time, and "[plac]ing the disabled vehicle into gear . . . [,]if he did[,] . . . was only an involuntary result of Gamino's investigation . . . . ." But this argument is unpersuasive in light of our conclusion that the jury could have reasonably inferred that Marroquin had been driving the truck, and therefore operating it, when he ran out of gas and that he was intoxicated while doing so.

When viewed in the light most favorable to the verdict, the evidence is sufficient to prove Marroquin operated a motor vehicle while intoxicated. *See Hearne v. State*, 80 S.W.3d 677, 680 (Tex.App.--Houston [1st Dist.] 2002, no pet.)(driver operated vehicle when found asleep at wheel in moving lane of traffic); *Freeman v. State*, 69 S.W.3d 374, 376 (Tex.App.--Dallas 2002, no pet.)(driver operated vehicle when found asleep with lights on, car in drive, and wheel resting

5

against curb of public street); *see also Stagg v. Tex. Dep't of Pub. Safety*, 81 S.W.3d 441, 445 (Tex.App.--Austin 2002, no pet.)(concluding that probable cause existed that driver of vehicle blocking lane of traffic with engine running and lights on had operated vehicle, noting that "[t]he fact that the car was in the center of the street, not stopped at the curb, is significant"); *Milam v. State*, 976 S.W.2d 788, 789 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd)(determining that operation occurred despite driver being found asleep because engine was running, vehicle was in gear, driver's foot was on brake, and driver put car in reverse upon being awakened); *Barton v. State*, 882 S.W.2d 456, 459-60 (Tex.App.--Dallas 1994, no pet.)(holding that driver who was asleep at wheel with feet on clutch and brake, engine idling, and car in roadway protruding into intersection, and who then proceeded to engage clutch and change gears upon being awakened by police, operated vehicle).

Marroquin's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


March 28, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)