**RAILROAD COMMISSION OF TEXAS
and Goodrich Oil Company,
Petitioners,**

v.

**TORCH OPERATING COMPANY,
Respondent.**

No. 95–0017.

Supreme Court of Texas.

Dec. 22, 1995.

William S. Osborn, Philip F. Patman, Priscilla M. Hubenak, Dan Morales, Austin, for petitioners.

Glenn E. Johnson, Austin, for respondent.

SPECTOR, J., delivered the opinion of the Court, in which PHILLIPS, C.J., and GONZALEZ, HIGHTOWER, HECHT, CORNYN, ENOCH, OWEN, and BAKER, JJ., join.

In this cause we determine whether the Texas Railroad Commission has the legal

authority to exempt an operator from temporary field rules on the basis of lack of notice. We also determine whether the Commission's contested case decision at issue here is supported by substantial evidence in the record. The trial court affirmed the Commission's order. The court of appeals reversed, holding that the Commission could not exempt Goodrich from the temporary field rules except on specific statutory factors that the Commission had not addressed. 894 S.W.2d 3. Because the Commission's decision was consistent with its statutory authority and was supported by substantial evidence, we reverse the judgment of the court of appeals and render judgment upholding the Commission order.

## I

In August 1987, Kilroy Oil Company discovered the Bammel, North (6,100' Cockfield) Field in Harris County, Texas. Kilroy completed both the discovery well and a second gas well, and it then applied to the Texas Railroad Commission for temporary field rules in the Bammel Field. These rules proposed by Kilroy requested stricter spacing and density requirements for the Bammel Field than those required under the Commission's general statewide rules.

Goodrich also holds operating rights under leases in the Bammel Field. Goodrich has leased acreage abutting the pooled unit for Kilroy's discovery well, although Goodrich's lease does not touch the proration unit assigned to the discovery well. In April 1990, the Commission issued notice of a hearing to be held on Kilroy's application for temporary field rules for the Bammel Field.[1] The Commission's statewide rule 43 requires that an applicant for a temporary field rule provide the agency with "a list of the names and addresses of all operators holding leases on land touching the tract on which the discovery well is located." 16 Tex.Admin.Code § 3.43. Kilroy did not provide Goodrich's name to the Commission, and Goodrich was not notified of the hearing.

Goodrich applied to the Commission for a permit to drill its first well, based on statewide spacing and density rules, before any temporary field rules had been established for the Bammel Field. The statewide rules allow one well every forty acres located 467 feet from any property, lease, or subdivision line, and with 1200 feet between wells. *See* 16 Tex.Admin.Code §§ 3.37, 3.38. The temporary field rules for the Bammel Field, which were adopted by the Commission on June 4, 1990, allowed one well per 640 acres, located not less than 1,867 feet from a lease line and not less than 3,735 feet from another well.

Ten days after adopting the temporary field rules, the Commission issued a permit for Goodrich's well on the basis of the statewide rules for spacing and density. The Commission later allowed Goodrich to amend its application to change the surface site of the well, again under statewide rules. Goodrich completed drilling its well in January 1991, but the Commission refused to issue an allowable to the well because it was not drilled in accordance with the applicable temporary field rules for the Bammel Field.

In the summer of 1991, Torch Oil Company succeeded Kilroy as operator of Kilroy's leases in the Bammel Field. Torch complained to the Commission that Goodrich was producing gas without an assigned allowable in violation of the temporary field rules. The Commission ordered Goodrich's well shut in, and convened a contested case proceeding on March 6, 1992.

At issue in the contested case proceeding between Torch and Goodrich was whether Goodrich was entitled to an allowable even though its well was not located in compliance with the temporary field rules. The contested case involved only the time period in which the Bammel Field was subject to the temporary field rules, because it is uncontested that Goodrich was subject to the per-

---

1. Temporary field rules are not adopted under the rulemaking provisions of the Administrative Procedure Act. Instead, they are promulgated through the adjudication provisions of the Act because these rules concern a specific field and a specific group of operators and do not affect the statewide oil and gas industry as a whole. *See* 3 Smith & Weaver, Texas Law of Oil and Gas 214–15 (1995).

manent field rules from the time of their adoption on May 18, 1992.

The Commission found that Kilroy had provided the agency with a list of all persons whose land touched the discovery well tract. However, the Commission determined that Kilroy had "actual knowledge" of Goodrich's competitive position in the Bammel Field and was aware that Goodrich would be affected by the proposed temporary field rules. The Commission further found that as an affected party, Goodrich was entitled to notice of the temporary field rule hearing. Because Goodrich had not received notice, the Commission concluded that the temporary field rules were void as to Goodrich and that Goodrich's well was therefore legally drilled and located. Additionally, the Commission decided that Goodrich was entitled to make up production for the period in which the well was shut in. Torch filed suit in district court seeking judicial review of the agency decision under the Administrative Procedure Act, TEX.GOV'T CODE § 2001.171, and Goodrich intervened in the proceedings as an interested party.

## II

■ We first consider Torch's contention that the Commission's decision to exempt Goodrich from the temporary field rules based on lack of notice exceeded the agency's statutory authority.[2] We must reverse an administrative agency's decision if it violates a constitutional or statutory provision or exceeds the agency's statutory authority. TEX.GOV'T CODE § 2001.174(2)(A), (B). Exemptions from temporary field rules are usually based on either prevention of waste or protection of correlative rights. See Texaco, Inc. v. Railroad Comm'n, 583 S.W.2d 307, 310 (Tex.1979); TEX.NAT.RES. CODE §§ 85.041–.207; 86.001–.225. However, the Commission is also required by statute to ensure that no rule or order is adopted by the agency except after adequate notice

and a hearing have been provided. See TEX. NAT.RES.CODE § 85.205.[3] Moreover, this Court has recognized that due process attaches to the property rights that arise from a mineral estate. Railroad Comm'n v. Graford Oil Corp., 557 S.W.2d 946, 953 (Tex. 1977). Accordingly, the Commission was well within its discretion in determining that under the facts of this case, Goodrich had not received adequate notice or a hearing. We therefore hold that the Commission did not err when it decided that Goodrich was not bound by the temporary field rules on the basis of lack of notice.

## III

■ Having determined that the Commission had the authority to exempt Goodrich from the temporary field rules for lack of notice, we next decide whether this particular decision by the agency was supported by substantial evidence in the record. See TEX. GOV'T CODE § 2001.174; Railroad Comm'n v. Continental Bus. Sys., 616 S.W.2d 179, 181 (Tex.1981). This is a limited standard of review that gives significant deference to the agency in its field of expertise. See Texas Health Facilities Comm'n v. Charter Medical—Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984).

■ The substantial evidence standard of review does not allow a court to substitute its judgment for that of the agency. See Charter Medical, 665 S.W.2d at 452 (citing Gerst v. Guardian Sav. & Loan Ass'n, 434 S.W.2d 113, 115 (Tex.1968)). The issue for the reviewing court is not whether the agency reached the correct conclusion, but rather whether there is some reasonable basis in the record for the action taken by the agency. See City of El Paso v. Public Util. Comm'n, 883 S.W.2d 179, 185 (Tex.1994). Substantial evidence requires only more than

2. Goodrich asserts that Torch waived any right to complain that the Commission's decision was not based on the requisite statutory factors, claiming the issue is being raised for the first time on appeal. However, at both the Commission and in the lower courts, Torch argued that voiding the temporary field rules contravened the Commission's duty to prevent waste and confiscation. This argument was sufficient to allow

Torch to claim notice was not a valid basis for the Commission's decision.

3. The section provides that "[n]o rule or order pertaining to the conservation of oil and gas or to the prevention of waste of oil and gas may be adopted by the commission except after notice and hearing as provided by law."

a mere scintilla, and "the evidence on the record actually may preponderate against the decision of the agency and nonetheless amount to substantial evidence." *Charter Medical,* 665 S.W.2d at 452 (citing *Lewis v. Metropolitan Sav. & Loan Ass'n,* 550 S.W.2d 11, 13 (Tex.1977)).

■ In this case, there is evidence in the record to support the Commission's finding that Kilroy knew of Goodrich's competitive position in the Bammel Field. There were conversations between the two parties about the leasing activities in the field. Further, Goodrich's acreage abutted the pooled unit upon which Kilroy's discovery well was located, and there was evidence that Kilroy knew Goodrich would be affected by the temporary field rules. Given the circumstances in this case, it was not unreasonable for the Commission to determine that Goodrich's rights were materially affected by the proposed temporary field rules, and that Goodrich was therefore entitled to notice of the hearing.

Because of our limited scope of review, the Commission's decision voiding the temporary field rules as to Goodrich must stand if there is any evidence in the record to support it. Contrary to the court of appeals' opinion, adequate notice was an appropriate factor for the Commission to consider when determining whether Goodrich was entitled to a production allowable in light of the temporary field rules. There is evidence to support the Commission's finding that Goodrich did not receive notice of the hearing on the temporary field rules for the Bammel Field. These were rules that clearly affected Goodrich's ability to recover the gas in place underneath its lease. There is evidence in this record to support the Commission's decision to find that the temporary field rules did not bind Goodrich and to allow Goodrich to make up the gas production for the time its well was shut in. We hold that the Commission had the legal authority to base its decision to exempt Goodrich from the temporary field rules on a lack of notice, and that this decision is supported by substantial evidence. Accordingly, we reverse the judgment of the court of appeals and render judgment upholding the Commission order.