TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00652-CV






Texas Department of Public Safety, Appellant



v.



Alex Tung-Wei Chang, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,


NO. 240,988, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING







 The Texas Department of Public Safety ("DPS") appeals a final order of the Travis
County Court at Law reversing an administrative decision, entered after a contested-case hearing,
authorizing the suspension of appellee Alex Tung-Wei Chang's driver's license. We will reverse
the judgment of the county court at law and affirm the administrative decision.


FACTUAL AND PROCEDURAL BACKGROUND (1)



 David Wright, an officer with the City of Austin Police Department, was patrolling 
the streets of Austin when he observed a vehicle fail to maintain a single marked lane and cross
over the double yellow line. (2) Wright initiated a traffic stop, and the driver identified himself as
Chang. Wright's affidavit indicates that he detected a strong odor of alcohol emanating from
Chang, and noticed that Chang's speech was slurred and his eyes were bloodshot, watery, and
glassy. He also observed that Chang swayed while walking, and needed support while standing. 
Chang had some difficulty performing each of the three field sobriety tests administered by
Wright.

 Wright placed Chang under arrest for driving while intoxicated and asked Chang
to submit a specimen of his breath to assess his level of intoxication. Chang refused. As a result
of the refusal, Chang's driver's license was automatically suspended. See Tex. Transp. Code
Ann. § 724.035(a)(1) (West 1999) (requiring driver's license suspension for 90 days if person
refuses peace officer's request to submit to taking of specimen).

 Chang requested a hearing before an administrative law judge ("ALJ") from the
State Office of Administrative Hearings to contest the suspension of his driver's license. 
Following an evidentiary hearing, the ALJ entered a decision sustaining the license suspension. 
Chang then appealed to the Travis County Court at Law ("reviewing court"). Chang contended
that the documentary evidence presented at the administrative hearing did not rise to the level of
substantial evidence of a reasonable suspicion to believe Chang had committed a traffic offense;
thus, the ALJ erred in finding reasonable suspicion for the traffic stop. Acting in an appellate
capacity, the reviewing court reversed the administrative decision and set aside the order
authorizing the suspension of Chang's driver's license. (3)

 DPS appeals the decision of the reviewing court, asserting error in reversing the
administrative order on the ground that there was substantial evidence to support the administrative
finding that reasonable suspicion existed to stop Chang.


DISCUSSION



 The findings of an ALJ are reviewed by the county court at law under the
substantial-evidence standard. See Tex. Gov't Code Ann. § 2001.174 (West 1999). In conducting
a substantial-evidence review, the reviewing court may not substitute its judgment for that of the
ALJ. Railroad Comm'n v. Torch Operating Co., 912 S.W.2d 790, 792-93 (Tex. 1995); Texas
State Bd. of Dental Exam'rs v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988). The reviewing court
may consider only the record on which the ALJ's decision was based. Sizemore, 759 S.W.2d at
116. The question for review is whether the evidence as a whole is such that reasonable minds
could have reached the conclusion the ALJ must have reached in order to take the disputed action. 
Id. If there is evidence to support either a negative or affirmative finding on a specific matter, the
decision of the ALJ must be upheld. Texas Health Facilities Comm'n v. Charter Medical-Dallas,
Inc., 665 S.W.2d 446, 453 (Tex. 1984); see also Torch Operating, 912 S.W.2d at 792-93. Thus,
in the instant case, the county court at law, in the posture of an appellate court, was limited to
reviewing the administrative record to determine if there was substantial evidence to support the
ALJ's finding that reasonable suspicion existed to initiate a stop.

 A police officer may stop and briefly detain a person for investigative purposes if
the officer has a reasonable suspicion, supported by articulable facts, that the person detained
actually is, has been, or soon will be engaged in criminal activity. See Hernandez v. State, 983
S.W.2d 867, 869 (Tex. App.--Austin 1998, pet. filed) (citing Woods v. State, 956 S.W.2d 33,
35 (Tex. Crim. App. 1997)). The burden is on the State to demonstrate the reasonableness of the
stop. See id. If an officer has a reasonable basis for suspecting a person has committed a traffic
offense, the officer may legally initiate a traffic stop. See McVickers v. State, 874 S.W.2d 662,
664 (Tex. Crim. App. 1993); Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992);
Hernandez, 983 S.W.2d at 870-71. Accordingly, the issue before this Court is whether Chang's
"failure to drive in marked lane crossing double yellow lane line," as stated in Officer Wright's
affidavit, constitutes substantial evidence that Chang had committed a traffic violation. If so, the
record contains substantial evidence of the reasonableness of the stop. We conclude that it did. (4)

 The provisions for driving on the right side of a roadway are found in section
545.051 of the Transportation Code, which provides that: (1) an operator of a vehicle "shall drive
on the right half of the roadway," and (2) if the vehicle is being operated "on a roadway having
four or more lanes for moving vehicles and providing for two-way movement of vehicles," the
operator "may not drive left of the center line of the roadway." See Transp. Code § 545.051 (a),
(c). We believe Wright's affidavit, indicating that Chang crossed over the double yellow lane line,
constitutes substantial evidence that Chang violated section 545.051.

 In support of his contention that Officer Wright did not have reasonable suspicion
to stop him based on a traffic offense, Chang directs this Court to our recent opinion in
Hernandez. See 983 S.W.2d 867. Hernandez was stopped by an officer who observed him drift
briefly over the white line dividing two lanes of traffic traveling in the same direction. We held
that a single instance of drifting slightly into the adjacent lane of traffic did not, by itself, provide
the officer with reasonable suspicion that a criminal traffic offense had been committed. See id.
at 871. Our decision was based on an analysis of the statutory provision relevant under those
facts, specifically section 545.060(a) of the Transportation Code. Section 545.060(a) requires an
operator on a roadway divided into two or more clearly marked lanes to drive "as nearly as
practical entirely within a single lane" and to "not move from the lane unless that movement can
be made safely." Transp. Code § 545.060(a). We held that a violation of that section occurs only
when a vehicle both fails to stay within its lane and that movement is not safe. See Hernandez,
983 S.W.2d at 871. Because the State did not carry its burden of demonstrating that the movement
was unsafe, we held that a traffic violation had not been shown. See id. at 872.

 We find Hernandez distinguishable from the present case. Hernandez drifted over
the white line adjoining two lanes of traffic flowing the same direction, implicating only section
545.060, while Chang crossed over the yellow line into a lane designated for oncoming traffic,
implicating section 545.051. The Hernandez opinion addresses only the State's burden of proof
in showing reasonable suspicion of a violation of section 545.060; it in no way comments on the
burden of showing a violation of section 545.051. Contrary to Chang's urging, under the facts
of this case DPS was not required to show that Chang's crossing over the double yellow line was
unsafe in order to show that Chang had committed a traffic offense.

 Chang correctly points out that the only evidence of a traffic offense presented by
DPS at the administrative hearing was Officer Wright's affidavit and accompanying documents. 
Though minimal, we hold that, in the present context, this documentary evidence satisfies the
substantial evidence test to support the reasonableness of the stop. The documents showed Chang
was traveling down South Congress Avenue, a road having four or more lanes providing for two-way traffic, and that he failed to drive on the right half of the roadway by driving left of the center
yellow line into oncoming traffic. By doing so, Chang gave Officer Wright reasonable suspicion
to believe he was violating the traffic laws set out in section 545.051. While it may be true, as
Chang argues, that crossing a double yellow line may occasionally be consistent with turning or
some other traffic maneuver, the evidence here is such that reasonable minds could have reached
the conclusion the ALJ must have reached in order to sustain the suspension of Chang's license. 
The ALJ's finding that Officer Wright had reasonable suspicion to stop Chang was therefore
supported by substantial evidence in the record, and the reviewing court was not permitted to
substitute its judgment for that of the ALJ.


CONCLUSION



 Because the record contains substantial evidence to support the ALJ's finding that
Officer Wright had reasonable suspicion to stop Chang for a traffic offense, the reviewing court
erred when it reversed the administrative decision authorizing the suspension of Chang's driver's
license. Accordingly, we reverse the reviewing court's order and render judgment upholding the
administrative decision.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Rendered

Filed: June 4, 1999

Publish

1. Only three documents were presented as evidence at the administrative hearing: a Peace
Officer's Sworn Report (DIC-23), an Affidavit for Warrant of Arrest and Detention, and the
Statutory Warning sheet. No testimony was offered. As a result, there is little in the record from
which this Court can glean the factual background of this case. The parties, however, are in
substantial agreement as to the relevant facts.
2. The officer's affidavit cites Chang's "failure to drive in a marked lane crossing double
yellow lane line." It is unclear whether this refers to a single instance of crossing over the double
yellow line into a lane of oncoming traffic, or two separate instances, one of crossing over a white
lane marker dividing traffic traveling in the same direction, followed by one of crossing over the
double yellow line into oncoming traffic. The uncertainty does not affect the outcome of this
appeal.
3. Chang raised other arguments in his appeal of the ALJ's decision, but the reviewing court's
order reversing the administrative decision specifies that the reversal was based on lack of
reasonable suspicion to stop.
4. DPS also argues that Chang's movement over the yellow line gives rise to a reasonable
suspicion that Chang was intoxicated. Because the record supports reasonable suspicion of the
traffic offense, we need not address whether reasonable suspicion of intoxication also existed.


SPAN STYLE="font-family: CG Times (W1) Regular">only
when a vehicle both fails to stay within its lane and that movement is not safe. See Hernandez,
983 S.W.2d at 871. Because the State did not carry its burden of demonstrating that the movement
was unsafe, we held that a traffic violation had not been shown. See id. at 872.

 We find Hernandez distinguishable from the present case. Hernandez drifted over
the white line adjoining two lanes of traffic flowing the same direction, implicating only section
545.060, while Chang crossed over the yellow line into a lane designated for oncoming traffic,
implicating section 545.051. The Hernandez opinion addresses only the State's burden of proof
in showing reasonable suspicion of a violation of section 545.060; it in no way comments on the
burden of showing a violation of section 545.051. Contrary to Chang's urging, under the facts
of this case DPS was not required to show that Chang's crossing over the double yellow line was
unsafe in or