TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00480-CV







Texas Department of Public Safety, Appellant



v.



Willie Ersell McCulloch, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 240,575, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 The Texas Department of Public Safety appeals the trial court's reversal of the
administrative law judge's suspension of Willie Ersell McCulloch's driver's license. We will
reverse the trial-court judgment and reinstate the order suspending McCulloch's driver's license.

 At a hearing on a license suspension before an administrative law judge ("ALJ"),
the issues that must be proved by a preponderance of the evidence are:


(1) whether:


 (A) the person had an alcohol concentration of a level specified by Section
49.01(2)(B), Penal Code, while operating a motor vehicle in a public
place; or


 (B) the person is a minor and had any detectable amount of alcohol in the
minor's system while operating a motor vehicle in a public place; and


(2) whether reasonable suspicion to stop or probable cause to arrest the person
existed.

Tex. Transp. Code Ann. § 524.035(a) (West 1999). If the ALJ finds in the affirmative on each
issue in subsection (a), the suspension is sustained. Id. § 524.035(b). If the ALJ does not find
in the affirmative on each issue in subsection (a), the department shall reinstate the person's
driver's license and rescind an order prohibiting the issuance of a driver's license to the person. 
Id. § 524.035(c).

 Trial courts review an ALJ's fact-findings to see if substantial evidence supports
them. See Tex. Gov't Code Ann. § 2001.174 (West 1999). In conducting a substantial evidence
review, the reviewing court may not substitute its judgment for that of the ALJ. Railroad Comm'n
v. Torch Operating Co., 912 S.W.2d 790, 792-93 (Tex.1995); Texas State Bd. of Dental
Examiners v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988). The reviewing court may consider
only the record on which the ALJ's decision is based. Sizemore, 759 S.W.2d at 116. If the
evidence supports either a negative or affirmative finding on a specific matter, the decision of the
ALJ must be upheld. Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665
S.W.2d 446, 453 (Tex.1984); see also Torch Operating, 912 S.W.2d at 792-93.

 The evidence in the administrative hearing record included one witness and three
documents. The testimony came from the police officer who administered the intoxilyzer
examination. Documentary evidence included the arresting officer's affidavit for warrant of arrest
and detention for driving while intoxicated ("DWI"), the records custodian's affidavit regarding
the intoxilyzer test results, and the intoxilyzer test slip. The warrant affidavit includes the
arresting officer's notes that he stopped McCulloch because the left front headlight was broken and
because McCulloch's truck crossed over the lane line four times between the 5600 and the 6100
blocks of Manchaca Road. It then details the signs of intoxication the officer noted after making
the stop. The warrant affidavit does not list a time of arrest. The officer who administered the
intoxilyzer test did not see McCulloch drive or know when the arrest occurred, but said he
administered the intoxilyzer test at 12:22 a.m. McCulloch presented no controverting evidence. 
The ALJ found the affidavit showed the officer had reasonable suspicion to stop McCulloch and
that the evidence showed McCulloch was intoxicated while driving.

 The trial court reversed the ALJ's order suspending McCulloch's license,
concluding that there was no evidence of reasonable suspension to stop him. The court stated
orally that there was no evidence that the arrest occurred at night, thus making the broken
headlight not illegal. The court also opined that, without more, the statement in the warrant
affidavit that McCulloch crossed the lane line four times does not describe an illegal act.

 The DPS argues that the trial court erred in reversing the ALJ's decision because
the record contained substantial evidence to support the arresting officer's reasonable suspicion
that McCulloch violated a Transportation Code section. (1) The DPS contends McCulloch lacked
the required functioning headlight on each side of the car. (2) The only evidence is that McCulloch
had a broken headlight. The DPS argues that the past-midnight intoxilyzer test administered in
February, coupled with a lack of complaint about the duration of McCulloch's incarceration
between arrest and test, indicates that McCulloch was driving at night, needed two working
headlights, and had only one. The DPS also contends that McCulloch failed to drive as nearly as
practical entirely within a single lane or to remain in his lane unless a lane change could be made
safely. Tex. Transp. Code Ann. § 545.060 (West 1999). The DPS argues that McCulloch's
violation of these statutes made the arresting officer's initial stop reasonable. See McVickers v.
State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993).

 We conclude that the trial court erred by deciding that substantial evidence did not
support the ALJ's finding that the initial stop was reasonable. The arrest occurred in February,
when darkness falls well before eight o'clock in the evening. Intoxilyzer tests should be and
generally are administered fairly shortly after arrest to provide an accurate gauge of the blood-alcohol level of the driver when driving. The intoxilyzer officer's testimony that the test was
administered after midnight supplies substantial evidence to support an inference that the arrest
occurred fairly shortly before midnight. Headlights would have been necessary at the inferred
time of the stop. McCulloch's argument that the affidavit does not show that he did not have two
working headlights also falls to a reasonable inference. McCulloch argues that his truck might
have originally had four headlights, so one broken one would leave him with one on the left; there
is no evidence regarding the number of headlights on his truck. Most personal vehicles have only
two headlights; evidence that the truck had a broken left headlight--and that the broken headlight
caused a police officer to stop the truck--gives rise to an inference that there was not a functioning
second left headlight. There was no evidence to counter either the inference of the time or the
inference that the truck did not have a functioning left headlight.

 McCulloch argues that the breath test evidence should not have been admitted
because the administering officer did not testify. McCulloch made this objection to the ALJ, who
overruled it. This was not an issue before the trial court because the trial court found other
grounds on which to reverse the ALJ's order. McCulloch did not need to file a notice of appeal
to make this argument because he does not seek more relief than the trial court granted. See Tex.
R. App. P. 36.2. McCulloch's argument nevertheless fails. He relies on Stevenson v. State, in
which the Court of Criminal Appeals held that an intoxilyzer result can be excluded as hearsay if
the record lacks proof of the result of the test by a witness or witnesses qualified to translate and
interpret such result. 895 S.W.2d 694, 696 (Tex. Crim. App. 1995). In Stevenson, however, the
technical supervisor attempted to testify about the results of tests he did not administer, and the
officer who administered the test did not testify. Id. at 695. Here the supervisor testified by
affidavit regarding the functioning of the machine and the test results, but the officer who
administered the test also appeared at the trial and testified regarding the administration of the
intoxilyzer exam and the results. The testimony regarding the functioning of the machine can be
made by affidavit. Tex. Transp. Code Ann. § 524.038(c) (West 1999). The testimony of the
administering officer resolves the hearsay problems raised in Stevenson.

 We also conclude that the ALJ did not abuse its discretion in admitting the evidence
over McCulloch's Rule 702 objection. See Tex. R. Evid. 702. In order for scientific evidence
to be admissible, the following must be true: (1) the underlying scientific theory must be valid;
(2) the technique applying the theory must be valid; and (3) the technique must have been properly
applied on this occasion. Hartman v. State, 946 S.W.2d 60, 62 (Tex. Crim. App. 1997). At this
point, we believe that the acceptability of the underlying scientific theory of the relationship of
breath-alcohol levels to blood-alcohol levels to intoxication is sufficiently established to absolve
the State of having to retry the issue in every case. The legislature has determined that intoxilyzer
results are generally admissible if averments are made concerning the functioning of the particular
machine used in the test. See Tex. Transp. Code Ann. §§ 524.038 & 724.063 (West 1999). The
supervisor averred that the intoxilyzer used and the officer administering the test were both
certified. The officer administering the exam testified about how he administered the test. The
trial court did not abuse its discretion by admitting this evidence.


CONCLUSION


 Having concluded that the trial court correctly determined that the ALJ did not err
by admitting the intoxilyzer test results and having also concluded that substantial evidence
supported the ALJ's finding that the DPS proved it had reasonable suspicion to stop McCulloch,
we reverse the judgment of the trial court reversing the ALJ's affirmance of the license
suspension. We render judgment reinstating the decision of the ALJ suspending McCulloch's
license.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Rendered

Filed: August 12, 1999

Do Not Publish
1. Contrary to the DPS's argument, McCulloch did not concede that substantial evidence
supports the reasonableness of the stop by failing to brief this issue. Appellant, wanting to change
the judgment, must argue in order to convince this Court to alter the status quo. See Tex. R. App.
P. 38.1(h), 38.3(a). Though an appellee should file a brief to apprise this Court why the judgment
is correct, the judgment will remain unchanged if the appellant fails to persuade us that the trial
court erred regardless of whether the appellee filed a brief or discussed the issue in its brief.
2. One code section provides:


Duty to Display Lights 


(a) A vehicle shall display each lighted lamp and illuminating device required by
this chapter to be on the vehicle:


 (1) at nighttime; and


 (2) wen light is insufficient or atmospheric conditions are unfavorable so that
a person or vehicle on the highway is not clearly discernible at a distance
of 1,000 feet ahead.


* * *



(c) At least one lighted lamp shall be displayed on each side of the front of a motor
vehicle.


Tex. Transp. Code Ann. § 547.302 (West 1999).


Another section provides:


Headlamps Required


(a) A motor vehicle shall be equipped with at least two headlamps.


(b) At least one headlamp shall be mounted on each side of the front of the vehicle.


(c) Each headlamp shall be mounted at a height from 24 to 54 inches.


Id. § 547.321.



: (1) the underlying scientific theory must be valid;
(2) the technique applying the theory must be valid; and (3) the technique must have been properly
applied on this occasion. Hartman v. State, 946 S.W.2d 60, 62 (Tex. Crim. App. 1997). At this
point, we believe that the acceptability of the underlying scientific theory of the relationship of
breath-alcohol levels to blood-alcohol levels to intoxication is sufficiently established to absolve
the State of having to retry the issue in every case. The legislature has determined that intoxilyzer
results are generally admissible if averments are made concerning the functioning of the particular
machine used in the test. See Tex. Transp. Code Ann. §§ 524.038 & 724.063 (West 1999). The
supervisor averred that the intoxilyzer used and the officer administering the test were both
certified. The officer administering the exam testified about how he administered the test. The
trial court did not abuse its discretion by admitting this evidence.


CONCLUSION


 Having concluded that the trial court correctly determined that the ALJ did not err
by admitting the intoxilyzer test results and having also concluded that substantial evidence
supported the ALJ's finding that the DPS proved it had reasonable suspicion to stop McCulloch,
we reverse the judgment of the trial court reversing the ALJ's affirmance of the license
suspension. We render judgment reinstating the decision of the ALJ suspending McCulloch's
license.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Rendered

Filed: August 12, 1999

Do Not Publish
1. Contrary to the DPS's argument, McCulloch did not concede that substantial evidence
supports the reasonableness of the stop by failing to brief this issue. Appellant, wanting to change
the judgment, must argue in order to convince this Court to alter the status quo. See Tex. R. App.
P. 38.1(h), 38.3(a). Though an appellee should file a brief to apprise this Court why the judgment
is correct, the judgment will remain unchanged if the appellant fails to persuade us that the trial
court erred regardless of whether the appellee filed a brief or discussed the issue in its brief.
2. One code section provides:


Duty to Display Lights 


(a) A vehicle shall display each lighted lamp and illuminating device required by
this chapter to be on the vehicle:


 (1) at nighttime; and


 (2) wen light is insufficient or atmospheric conditions are unfavorable so that
a person or vehicle on the highway is not clearly discernible at a distance
of 1,000 feet ahead.


* * *