NUMBER 13-03-129-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

TEXAS DEPARTMENT 
OF PUBLIC SAFETY,                                                                  Appellant,

v.

JOHN PATRICK BURNS,                                                            Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 1 
of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza

          Appellee, John Patrick Burns, was cited as a minor for driving under the influence. 
Following a hearing, an administrative law court determined that the State had adequately
proved the requirements of section 525.035 of the transportation code and suspended
appellee’s license for a period of sixty days. Tex. Trans. Code Ann. §§ 524.022(b)(1),
524.035 (Vernon Supp. 2004). Appellee subsequently appealed this decision to the county
court, which reversed the administrative court’s decision after concluding that the judgment
was “not reasonably supported by substantial evidence.” Appellant, the Texas Department
of Public Safety, contends that the evidence was sufficient to support the administrative
court’s ruling. Because we find that more than a scintilla of evidence supports the
administrative court’s initial ruling, we sustain appellant’s issue and reverse the order of the
trial court.
          Administrative-license-revocation decisions are reviewed for substantial evidence. 
See Tex. Trans. Code Ann. § 524.041 (Vernon 1999); Tex Gov’t Code Ann. § 2001.174
(Vernon 2000); Mireles v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). In
evaluating a decision by an administrative court under the substantial evidence standard,
a court should not substitute its own judgment for that of the agency. Mireles, 9 S.W.3d
at 131; Tex. Health Facilities v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex.
1984). The administrative court’s decision need not be “correct,” but it must rest on a
reasonable basis. Mireles, 9 S.W.3d at 131; City of El Paso v. Public Util. Comm’n, 883
S.W.2d 179, 185 (Tex. 1994). Any quantum of evidence greater than a scintilla is sufficient
to affirm a ruling. R.R. Comm’n of Tex. v. Torch Operating Co., 912 S.W.2d 790, 792-793
(Tex. 1995). Moreover, substantial evidence may exist where a preponderance of the
evidence militates against the administrative decision. Mireles, 9 S.W.3d at 131; R.R.
Comm’n of Tex., 912 S.W.2d at 793.After reviewing the record, we conclude that the administrative court’s ruling is
supported by substantial evidence and should not have been reversed by the county court. 
An administrative court should revoke a minor’s license if the State proves by a
preponderance of the evidence that (1) the person is a minor, (2) the minor had a
detectable amount of alcohol in his or her system, (3) while operating a motor vehicle, (4)
in a public place, and (5) reasonable suspicion to stop or probable cause to arrest the
person existed. Tex. Trans. Code Ann. § 524.035 (Vernon Supp. 2004). In this case,
appellant produced more than a scintilla of evidence on each of these factors. Officer
Strasheim’s report stated that he observed appellee, a minor, driving recklessly, changing
lanes unsafely, and speeding (driving 55 mph in a 35 mph zone) on a public road. The
report also stated that Officer Strasheim smelled alcohol on appellee’s breath and noticed
appellee’s eyes were glassy and bloodshot. Based on this information, we conclude that
the county court erred by reversing the administrative court’s ruling. 
          The judgment of the county court is reversed, and the administrative court’s decision
is reinstated.  
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Memorandum Opinion delivered 
and filed this the 19th day of August, 2004.