**V. Lee HOUSTON, Appellant,**

v.

**James NELSON, Commissioner of Education, and West Oso Independent School District, Appellees.**

No. 13–02–00597–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 27, 2004.

Daniel A. Ortiz, Ortiz & Associates, Shane Goetz, Rossetti & Goetz, Arlington, for appellant.

George Warner, Assistant Attorney General, Administrative Law Division, Austin, Gordon D. Laws, J.W. Gary, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

This case requires us to determine whether a teacher employed under a school district teaching permit falls within the Texas Term Contract Non–Renewal Act ("TCNA")[1] definition of a "teacher." The Board of Trustees of the West Oso Independent School District ("District") decided not to renew the teaching contract

---

1. *See* TEX. EDUC.CODE ANN. §§ 21.201–.213 (Vernon 1996 & Supp.2004).

of appellant, V. Lee Houston ("Houston"), for the 2001–2002 school year. Houston appealed to James Nelson, the Commissioner of Education for the State of Texas ("Commissioner").[2] The Commissioner concluded that Houston was not a "teacher" within the meaning of the TCNA and denied the appeal. Houston appealed the Commissioner's decision to the 28th District Court of Nueces County, which affirmed the Commissioner's decision. Houston now appeals the District Court's judgment. We affirm.

### A. BACKGROUND AND PROCEDURAL HISTORY

On August 17, 1995, the District's superintendent requested a teaching permit for Houston to teach secondary choir, grades 9–12. On September 12, 1995, the Commissioner approved the teaching permit for Houston. The approval specified that if Houston was assigned to teach courses other than choir, additional approval was required.

For six consecutive years, beginning with the 1995–1996 school year and continuing through the 2000–2001 school year, Houston signed a separate contract with the District, entitled the "West Oso Independent School District 21.055 Teacher Employment Agreement." Each contract provided that it would not extend beyond the stated school year. Each contract also provided that Houston understood he had been issued a teaching permit pursuant to section 21.055 of the education code[3] and that his contract did not adopt any of the rights provided by the TCNA.

Due to a steady decline in enrollment at West Oso High School, only two classes of choir were needed for the 2001–2002 school year. The superintendent decided to assign both choir classes to the band director, who was a certified teacher. Houston's contract with the District lapsed. By letter dated April 12, 2001, the superintendent notified Houston that a new contract would not be issued to him. In the same letter, Houston was given reasonable assurance of continued employment as a non-contractual, at-will employee.

Houston challenged the nonrenewal of his teaching contract. An independent hearing examiner heard the dispute and submitted a recommendation to the school board that Houston's teaching contract not be renewed. The school board adopted the hearing examiner's recommendation. Houston appealed the decision to the Commissioner, who affirmed the school board's nonrenewal of Houston's teaching contract.

### B. COMMISSIONER'S DECISION

■ In two issues, Houston challenges the Commissioner's decision that he was not employed by the District under a term contract subject to the provisions of the TCNA.

■ The construction of a statute by the administrative agency charged with its enforcement is entitled to substantial deference, as long as the construction is reasonable and does not contradict the plain language of the statute. *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex.1994). The decision subject to review by the judicial system is that of the Commissioner of Education. TEX. EDUC.CODE ANN. § 21.307(a) (Vernon

---

**2.** James Nelson was the Texas Commissioner of Education at the time of Houston's appeal. Nelson was succeeded by Felipe Alaniz, who filed a brief in this case. The current commissioner is Shirley J. Neeley.

**3.** Section 21.055 permits a school district to issue a school district teaching permit and employ as a teacher a person who does not hold a teaching certificate issued by the State Board for Educator Certification. TEX. EDUC. CODE ANN. § 21.055(a) (Vernon 1996).

Supp.2004); *Montgomery Indep. Sch. Dist. v. Davis,* 34 S.W.3d 559, 562 (Tex. 2000). In reviewing the school board's decision, the Commissioner may not substitute his or her judgment for that of the board "unless the board's decision was arbitrary, capricious, unlawful, or not supported by substantial evidence." TEX. EDUC.CODE ANN. § 21.209 (Vernon 1996). Likewise, a court may not reverse the Commissioner's decision on a teacher's contract unless the decision is not supported by substantial evidence or the Commissioner's conclusions of law are erroneous. TEX. EDUC.CODE ANN. § 21.307(f) (Vernon Supp.2004); *Davis,* 34 S.W.3d at 562.

▇▇▇ Substantial-evidence review is a limited standard that gives great deference to an agency in its field of expertise and only requires more than a scintilla to support an agency's determination. *Davis,* 34 S.W.3d at 566; *R.R. Comm'n v. Torch Operating Co.,* 912 S.W.2d 790, 792 (Tex. 1995). The issue for the reviewing court is not whether the agency reached the correct conclusion, but rather whether there is some reasonable basis in the record for the action taken by the agency. *R.R. Comm'n,* 912 S.W.2d at 792; *City of El Paso v. Public Util. Comm'n,* 883 S.W.2d 179, 185 (Tex.1994). The evidence in the record may preponderate against the decision of the agency and nonetheless amount to substantial evidence. *R.R. Comm'n,* 912 S.W.2d at 793.

▇▇▇ Simply stated, the gist of the Commissioner's ruling in the present case is that Houston is not entitled to any of the protections of the TCNA because he held a school district teaching permit approved by the Commissioner of Education pursuant to section 21.055 of the education code, as opposed to a teaching certificate issued by the State Board for Educator Certification. By its terms, the application of the TCNA is limited to "teachers." The TCNA provides for automatic renewal of a teacher's term contract unless the school district complies with certain statutory prerequisites.[4] *Dodd,* 870 S.W.2d at 5; *see* TEX. EDUC.CODE ANN. § 21.206(b) (Vernon 1996). It is undisputed that the District employed Houston by contract for a fixed term each school year. Therefore, we conclude this case turns on the construction of section 21.201(1) of the education code.

▇▇▇ For purposes of the TCNA, a "teacher" is defined as a classroom teacher or other full-time professional employee who is required to hold a certificate issued under subchapter B.[5] TEX. EDUC.CODE ANN. § 21.201(1) (Vernon 1996). Title two of the education code, which pertains to public education, defines a "classroom teacher" as "an educator who is employed by a school district and who, not less than an average of four hours each day, teaches in an academic instructional setting or a career and technology instructional setting." TEX. EDUC.CODE ANN. § 5.001(2) (Vernon Supp.2004). An "educator" is "a person who is required to hold a certificate issued

---

**4.** The Term Contract Nonrenewal Act ("TCNA") affords public school teachers certain procedural safeguards. For example, under the TCNA, a teacher has the right to receive written notice of the proposed nonrenewal of a teacher's contract at least forty-five days before the last day of instruction in a school year, TEX. EDUC.CODE ANN. § 21.206(a) (Vernon 1996), and the right to a hearing after receiving such notice. TEX. EDUC.CODE

ANN. § 21.207(a) (Vernon 1996). A teacher aggrieved by the board of trustees' decision has the right to appeal. TEX. EDUC CODE ANN. § 21.209 (Vernon 1996).

**5.** Subchapter B establishes the scope and authority of the State Board for Educator Certification. *See* TEX. EDUC.CODE ANN. §§ 21.031–.058 (Vernon 1996 & Supp.2004).

under Subchapter B, Chapter 21." TEX. EDUC.CODE ANN. § 5.001(5) (Vernon Supp. 2004). When read together, these definitions require, at a minimum, that a person classified as a teacher, for purposes of the TCNA, hold a certificate issued by the State Board for Educator Certification under subchapter B.

It is undisputed that Houston did not have a teaching certificate issued by the State Board for Educator Certification; instead, he had a teaching permit issued by the District under section 21.055.[6] Nevertheless, despite language in his employment contract that he was hired under section 21.055, Houston argues that his teaching permit is the equivalent of a teaching certificate.

A school district teaching permit, however, differs from a teaching certificate issued by the State Board for Educator Certification. A school district teaching permit allows a person to teach only in the district that issues the permit, TEX. EDUC. CODE ANN. § 21.055(e) (Vernon 1996), and only the subject or class identified in the statement to the Commissioner. TEX. EDUC.CODE ANN. § 21.055(c) (Vernon 1996). Such limitations are not placed on teachers certified by the State Board for Educator Certification. Further, the State Board for Educator Certification, responsible for all aspects of certification of public school educators, has no role in granting a school district teaching permit. Instead, the Commissioner has veto power over the issuance of school district teaching permits. See TEX. EDUC.CODE ANN. § 21.055(d) (Vernon 1996). Because we are unable to ignore the distinction the legislature· has

placed on teachers certified by the State Board for Educator Certification from teachers holding teaching permits issued by a school district, we must conclude that Houston was not employed as a "teacher" as that term is defined by the TCNA.

In reaching this conclusion, we reject Houston's argument that, because he was certified as a principal, he was necessarily certified as a teacher under the TCNA. Houston obtained his principal's certificate on a probationary status, effective November 23, 2000. Thus, while Houston was certified as a principal by the State Board for Educator Certification at the time the school board decided not to renew his teaching contract, his contract with the District did not require him to hold a principal's certificate; nor was Houston employed as a principal. Houston was allowed to teach because he had a school district teaching permit, not because he became certified as a principal by the State Board for Educator Certification. Houston cannot now argue that he was employed as a teacher under the TCNA based on his principal's certificate obtained after his final term contract with the District had been signed on April 24, 2000.

Thus, because the Commissioner's decision to uphold the school board's vote not to renew Houston's contract was supported by substantial evidence and because Houston failed to demonstrate that the Commissioner's conclusions of law were erroneous, we hold the District Court did not err in affirming the Commissioner's decision. Accordingly, we overrule Houston's two issues.

---

**6.** Section 21.055 requires the school district to send the Commissioner of Education a written statement identifying the person, the person's qualifications as a teacher, and the subject or class the person will teach. TEX. EDUC.CODE ANN. § 21.055(c) (Vernon 1996). The person may not teach if the Commission-

er finds the person is not qualified; otherwise, the school district may issue the person a school district teaching permit and the person may teach the identified subject or class. TEX. EDUC.CODE ANN. § 21.055(d) (Vernon 1996).

The judgment of the District Court is affirmed.