Houston v. Nelson & West Oso ISD
















NUMBER 13-02-00597-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

V. LEE HOUSTON,                                                                       Appellant,

v.

JAMES NELSON, COMMISSIONER OF EDUCATION,
AND WEST OSO INDEPENDENT SCHOOL DISTRICT,            Appellees.
                                                                                                                       

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                       

O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Opinion by Justice Hinojosa

          This case requires us to determine whether a teacher employed under a school
district teaching permit falls within the Texas Term Contract Non-Renewal Act (“TCNA”)



definition of a “teacher.” The Board of Trustees of the West Oso Independent School
District (“District”) decided not to renew the teaching contract of appellant, V. Lee Houston
(“Houston”), for the 2001-2002 school year. Houston appealed to James Nelson, the
Commissioner of Education for the State of Texas (“Commissioner”).


 The Commissioner
concluded that Houston was not a “teacher” within the meaning of the TCNA and denied
the appeal. Houston appealed the Commissioner’s decision to the 28th District Court of
Nueces County, which affirmed the Commissioner’s decision. Houston now appeals the
District Court’s judgment. We affirm.A. Background and Procedural History
          On August 17, 1995, the District’s superintendent requested a teaching permit for
Houston to teach secondary choir, grades 9 – 12. On September 12, 1995, the
Commissioner approved the teaching permit for Houston. The approval specified that if
Houston was assigned to teach courses other than choir, additional approval was required.
          For six consecutive years, beginning with the 1995–1996 school year and continuing
through the 2000–2001 school year, Houston signed a separate contract with the District,
entitled the “West Oso Independent School District 21.055 Teacher Employment
Agreement.” Each contract provided that it would not extend beyond the stated school
year. Each contract also provided that Houston understood he had been issued a teaching
permit pursuant to section 21.055 of the education code


 and that his contract did not
adopt any of the rights provided by the TCNA.
          Due to a steady decline in enrollment at West Oso High School, only two classes
of choir were needed for the 2001–2002 school year. The superintendent decided to
assign both choir classes to the band director, who was a certified teacher. Houston’s
contract with the District lapsed. By letter dated April 12, 2001, the superintendent notified
Houston that a new contract would not be issued to him. In the same letter, Houston was
given reasonable assurance of continued employment as a non-contractual, at-will
employee.
          Houston challenged the nonrenewal of his teaching contract. An independent
hearing examiner heard the dispute and submitted a recommendation to the school board
that Houston’s teaching contract not be renewed. The school board adopted the hearing
examiner’s recommendation. Houston appealed the decision to the Commissioner, who
affirmed the school board’s nonrenewal of Houston’s teaching contract.B. Commissioner’s Decision
          In two issues, Houston challenges the Commissioner’s decision that he was not
employed by the District under a term contract subject to the provisions of the TCNA.
          The construction of a statute by the administrative agency charged with its
enforcement is entitled to substantial deference, as long as the construction is reasonable
and does not contradict the plain language of the statute. Dodd v. Meno, 870 S.W.2d 4,
7 (Tex. 1994). The decision subject to review by the judicial system is that of the
Commissioner of Education. Tex. Educ. Code Ann. § 21.307(a) (Vernon Supp. 2004);
Montgomery Indep. Sch. Dist. v. Davis, 34 S.W.3d 559, 562 (Tex. 2000). In reviewing the
school board’s decision, the Commissioner may not substitute his or her judgment for that
of the board “unless the board’s decision was arbitrary, capricious, unlawful, or not
supported by substantial evidence.” Tex. Educ. Code Ann. § 21.209 (Vernon 1996). 
Likewise, a court may not reverse the Commissioner’s decision on a teacher’s contract
unless the decision is not supported by substantial evidence or the Commissioner’s
conclusions of law are erroneous. Tex. Educ. Code Ann. § 21.307(f) (Vernon Supp. 2004);
Davis, 34 S.W.3d at 562.
          Substantial-evidence review is a limited standard that gives great deference to an
agency in its field of expertise and only requires more than a scintilla to support an
agency’s determination. Davis, 34 S.W.3d at 566; R.R. Comm’n v. Torch Operating Co.,
912 S.W.2d 790, 792 (Tex. 1995). The issue for the reviewing court is not whether the
agency reached the correct conclusion, but rather whether there is some reasonable basis
in the record for the action taken by the agency. R.R. Comm’n, 912 S.W.2d at 792; City
of El Paso v. Public Util. Comm’n, 883 S.W.2d 179, 185 (Tex. 1994). The evidence in the
record may preponderate against the decision of the agency and nonetheless amount to
substantial evidence. R.R. Comm’n, 912 S.W.2d at 793.
          Simply stated, the gist of the Commissioner’s ruling in the present case is that
Houston is not entitled to any of the protections of the TCNA because he held a school
district teaching permit approved by the Commissioner of Education pursuant to section
21.055 of the education code, as opposed to a teaching certificate issued by the State
Board for Educator Certification. By its terms, the application of the TCNA is limited to
“teachers.” The TCNA provides for automatic renewal of a teacher’s term contract unless
the school district complies with certain statutory prerequisites.


 Dodd, 870 S.W.2d at 5;
see Tex. Educ. Code Ann. § 21.206(b) (Vernon 1996). It is undisputed that the District
employed Houston by contract for a fixed term each school year. Therefore, we conclude
this case turns on the construction of section 21.201(1) of the education code.
          For purposes of the TCNA, a “teacher” is defined as a classroom teacher or other
full-time professional employee who is required to hold a certificate issued under
subchapter B.


 Tex. Educ. Code Ann. § 21.201(1) (Vernon 1996). Title two of the
education code, which pertains to public education, defines a “classroom teacher” as “an
educator who is employed by a school district and who, not less than an average of four
hours each day, teaches in an academic instructional setting or a career and technology
instructional setting.” Tex. Educ. Code Ann. § 5.001(2) (Vernon Supp. 2004). An
“educator” is “a person who is required to hold a certificate issued under Subchapter B,
Chapter 21.” Tex. Educ. Code Ann. § 5.001(5) (Vernon Supp. 2004). When read
together, these definitions require, at a minimum, that a person classified as a teacher, for
purposes of the TCNA, hold a certificate issued by the State Board for Educator
Certification under subchapter B.
          It is undisputed that Houston did not have a teaching certificate issued by the State
Board for Educator Certification; instead, he had a teaching permit issued by the District
under section 21.055.


 Nevertheless, despite language in his employment contract that
he was hired under section 21.055, Houston argues that his teaching permit is the
equivalent of a teaching certificate.
          A school district teaching permit, however, differs from a teaching certificate issued
by the State Board for Educator Certification. A school district teaching permit allows a
person to teach only in the district that issues the permit, Tex. Educ. Code Ann. §
21.055(e) (Vernon 1996), and only the subject or class identified in the statement to the
Commissioner. Tex. Educ. Code Ann. § 21.055(c) (Vernon 1996). Such limitations are
not placed on teachers certified by the State Board for Educator Certification. Further, the
State Board for Educator Certification, responsible for all aspects of certification of public
school educators, has no role in granting a school district teaching permit. Instead, the
Commissioner has veto power over the issuance of school district teaching permits. See
Tex. Educ. Code Ann. § 21.055(d) (Vernon 1996). Because we are unable to ignore the
distinction the legislature has placed on teachers certified by the State Board for Educator
Certification from teachers holding teaching permits issued by a school district, we must
conclude that Houston was not employed as a “teacher” as that term is defined by the
TCNA.
          In reaching this conclusion, we reject Houston’s argument that, because he was
certified as a principal, he was necessarily certified as a teacher under the TCNA. Houston
obtained his principal’s certificate on a probationary status, effective November 23, 2000. 
Thus, while Houston was certified as a principal by the State Board for Educator
Certification at the time the school board decided not to renew his teaching contract, his
contract with the District did not require him to hold a principal’s certificate; nor was
Houston employed as a principal. Houston was allowed to teach because he had a school
district teaching permit, not because he became certified as a principal by the State Board
for Educator Certification. Houston cannot now argue that he was employed as a teacher
under the TCNA based on his principal’s certificate obtained after his final term contract
with the District had been signed on April 24, 2000.
          Thus, because the Commissioner’s decision to uphold the school board’s vote not
to renew Houston’s contract was supported by substantial evidence and because Houston
failed to demonstrate that the Commissioner’s conclusions of law were erroneous, we hold
the District Court did not err in affirming the Commissioner’s decision. Accordingly, we
overrule Houston’s two issues.
          The judgment of the District Court is affirmed.


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Opinion delivered and filed this the
27th day of August, 2004.