# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00593-CV

**Lamb County Electric Cooperative, Inc., Appellant**

**v.**

**Public Utility Commission of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. GN302903, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I concur with the majority's opinion affirming the district court's judgment, which affirmed the final order of the Public Utility Commission, but write separately to address the narrow scope of our review in this case.

This is the second time this Court has had occasion to review the Commission's decision regarding electric service in Lamb County. In the first appeal, the Cooperative challenged the Commission's summary denial of the Cooperative's request for an evidentiary hearing regarding whether Southwestern Public Service Company (SPS) had authority to provide electric service within the territory also served by the Cooperative. *See Lamb County Elec. Coop., Inc. v. Public Util. Comm'n*, No. 03-00-00113-CV, 2001 Tex. App. LEXIS 173 (Tex. App.—Austin 2001, no pet.) (mem. op., not designated for publication). In that appeal, this Court reversed the Commission's order and remanded the cause to the Commission for further proceedings. *Id.* at *25. On remand, the Commission, after a hearing, issued a final order concluding that SPS's certificate of convenience

and necessity (CCN) allowed it to provide electric service to oil field operators located within the territory also served by the Cooperative. It is this order that is before us on appeal.

As with many orders issued by state agencies, we review the Commission's final order under the substantial evidence rule. As the majority correctly concludes, the record in this case demonstrates that the Commission's order was supported by substantial evidence. Included in the administrative record before us on appeal is testimony from various witnesses. Sam Hunter, a long-time SPS employee who participated in negotiations between the Cooperative and SPS and retired in 1991, Mitch Elmore, a senior design engineer for SPS's Southern Division, and David Hudson, the Director, Regulatory and Pricing Administration, for New Century Services, testified on behalf of SPS. Delbert Smith, the Cooperative's general manager, and Donald Stubbs, a long-time Cooperative employee and engineering services manager, testified on behalf of the Cooperative.[1] In addition to this testimony, the record before the Commission in PUC Docket No. 24229 (and now before us on appeal) includes hearing transcripts and exhibits previously considered by the Commission in PUC Docket Nos. 14454, 16378, and 24806. The Commission's final order reflects that it weighed and considered all of this evidence in making its decision in Docket No. 24229.

The substantial evidence standard of review calls upon us to give significant deference to the agency in its field of expertise. *Railroad Comm'n v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex. 1995); *Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). We are also to presume that the agency's order is valid and that

---

[1] The majority also notes that Texaco Exploration and Production, Inc., submitted testimony of its electrical supervisor, Stanley Davis. The record also includes testimony from numerous other witnesses.

its findings, inferences, conclusions, and decisions are supported by substantial evidence. *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex. 1994); *Charter Med.*, 665 S.W.2d at 452. Under this standard, we evaluate the entire record to determine whether the evidence as a whole is such that reasonable minds could have reached the conclusion the agency must have reached in order to take the disputed action. *Texas State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988); *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 364 (Tex. 1983). And we may not substitute our judgment for that of the agency on the weight of the evidence on questions committed to the agency's discretion. Tex. Gov't Code Ann. § 2001.174; *Charter Med.*, 665 S.W.2d at 452; *H.G. Sledge, Inc. v. Prospective Inv. & Trading Co., Ltd.*, 36 S.W.3d 597, 602 (Tex. App.—Austin 2000, pet. denied). The issue for us as a reviewing court conducting a substantial evidence review is not whether we believe the agency's decision was correct, but whether the record demonstrates some reasonable basis for the agency's action. *Charter Med.*, 665 S.W.2d at 452; *Central Power & Light Co. v. Public Util. Comm'n*, 36 S.W.3d 547, 561 (Tex. App.—Austin 2000, pet. denied).

Because the majority's review of the evidence in this case does not comport with the standard of review required under the substantial evidence standard, I concur in the judgment, but do not join the majority's analysis.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed:   November 7, 2008

3