**CITY OF DALLAS, Appellant,**

**v.**

**Heather STEWART, Appellee.**

**No. 05–07–01244–CV.**

Court of Appeals of Texas, Dallas.

Dec. 11, 2008.

Rehearing Overruled Feb. 23, 2009.

Barbara E. Rosenberg, City of Dallas Attorney's Office, Dallas, TX, for Appellant.

Julius S. Staev, Ward, Staev, Fisk and Arnold, L.L.C., Dallas, TX, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and FRANCIS.

---

## MEMORANDUM OPINION

Opinion By Justice MORRIS.

After a trial before a jury on her takings claim under article I of the Texas Constitution, Heather Stewart obtained a judgment against the City of Dallas for the demolition of a residential structure she owned. The City appeals, arguing the case should never have been presented to the jury because the doctrine of res judicata bars Stewart's takings claim as a matter of law. For the reasons that follow, we affirm the trial court's judgment.

After a public hearing, the City's Urban Rehabilitation Standards Board found the house on Stewart's property constituted an urban nuisance and ordered it demolished. Stewart appealed the Board's determination and, after rehearing the matter, the Board affirmed its order. The house was demolished on October 1, 2002. Stewart appealed the Board determination to a district court. The trial court affirmed the Board's decision after conducting a review under the substantial evidence rule.[1] Stewart also filed in the trial court due process and takings claims against the City, which were tried before a jury.[2] The jury found in favor of Stewart on her takings claim, and the trial court rendered judgment on the jury's verdict. The City appeals.

■ To establish a constitutional taking, a plaintiff must show that the government's intentional acts resulted in a taking of her property for public use. *See Patel v. City of Everman*, 179 S.W.3d 1, 17 (Tex.App.-Tyler 2004, pet. denied). A city may successfully defend a takings claims by establishing that the building destroyed was a nuisance on the day it was demolished. *See Patel*, 179 S.W.3d at 11; *City of Houston v. Crabb*, 905 S.W.2d 669, 674 (Tex.App.-Hous. [14th Dist.] 1995, no writ).

■ In the case before us, the City argues that the Board's nuisance finding and the subsequent trial court judgment affirming the Board's determination preclude Stewart's takings claim as a matter of law under the principles of res judicata and collateral estoppel. Specifically, the City contends that because the issue of whether the demolished structure was a nuisance was already decided in its favor, Stewart may not relitigate this issue in the context of her takings claim and the City is entitled to judgment as a matter of law based on the Board's finding and the trial court's judgment.

In general, the doctrine of res judicata is comprised of two distinct categories: res judicata (claim preclusion) and collateral estoppel (issue preclusion). *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). While res judicata, or claim preclusion, bars the relitigation of claims that have been finally adjudicated or could have been litigated in the previous action, collateral estoppel, or issue preclusion, prevents the relitigation of identical issues of fact or law that were actually litigated and essential to the final judgment in a prior suit. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996) (res judica-

---

1. Substantial evidence review is a limited standard of review requiring only more than a mere scintilla of evidence to support the Board's determination. *See R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex.1995). Under a substantial evidence review, the trial court presumes the administrative determination is correct and the complaining party has the burden of establishing the decision was not supported by substantial evidence. *See City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex.1994).

2. The due process and takings claims were severed from her appeal of the Board's order.

ta); *Barr,* 837 S.W.2d at 628 (collateral estoppel).

To successfully defend against Stewart's takings claim, the City had to establish that the demolished structure was a nuisance *on the day it was demolished. See Crabb,* 905 S.W.2d at 675. The Board made its nuisance finding over a year before Stewart's house was actually demolished. Thus, the fact issue before the Board was not identical to the fact issue before the trial court on Stewart's takings claim. Because the nuisance issue presented by Stewart's takings claim was not identical to the nuisance issue before the Board and because Stewart's takings claim could not have been litigated in the previous action, neither res judicata nor collateral estoppel preclude Stewart's takings claim in this case.

We affirm the trial court's judgment.